Mazie GRANT, Respondent,

v.

William B. NEAL, d/b/a Beauty Steak Company, et al., Defendants,

Milton Carpenter, State Treasurer, Custodian of Second Injury Fund, Appellant.

No. 50385.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1964.

Emerson Foulke, Joplin, for respondent.

Thomas F. Eagleton, Atty. Gen., Robert R. Northcutt, Asst. Atty. Gen., Jefferson City, for appellant.

PRITCHARD, Commissioner.

Mazie Grant, the respondent, claimed and was allowed compensation by the Industrial Commission from the Second Injury Fund, § 287.220 (all statutory references are to RSMo 1959, V.A.M.S., unless otherwise indicated), for disability resulting from an injury to her left hand suffered during the course of her employment with the Beauty Steak Company of Joplin, Missouri. Previously her right hand had been injured in approximately the same manner and for which compensation was paid. The appellant, State Treasurer and custodian of the Second Injury Fund, resisted respondent's claim upon the ground that the same was not filed against the Second Injury Fund within one year from the date of the accident (or, as also stated by appellant, the claim was not filed within one year from the date of last medical payments made for or on behalf of the fund).

There is no statutory provision with respect to payments of medical expenses of an injured employee by an employer or anyone "for or on behalf" of the Second Injury Fund, so there could not be a limitation period therefor. Nor is the Second Injury Fund itself liable for such medical expenses. See Federal Mutual Insurance Company v. Carpenter, Mo., 371 S.W.2d 955, 958, in which it was held that § 287.220 does not relieve employers or their insurers from furnishing medical

aid to an employee under § 287.140(1), and that the Second Injury Fund does not include a provision for payment or apportionment of such expenses therefrom.

■ The referee (Mr. LaTowsky) who heard the case sustained appellant's position that § 287.430 was applicable to respondent's claim for compensation, and that because she did not file her claim within one year from the date of the accident against the Second Injury Fund she was barred. The final award of the Industrial Commission reversed the referee and allowed respondent compensation, which award was affirmed by the Circuit Court. We have jurisdiction by reason of said state officer, appellant, being a party. Mo.Const. Art. V, § 3, V.A. M.S.; Mossman v. St. Joseph Lead Co., Mo.App., 254 S.W.2d 241 (transferred, Mo., 265 S.W.2d 335).

The date of respondent's first injury, which was occasioned by her catching the middle finger of her right hand in a "meat patty machine," was October 22, 1956. A lump sum settlement was made on this claim prior to April, 1957. On April 16, 1957, claimant was again operating a meat patty machine and caught her left hand therein. Upon the second injury the employer-insurer furnished medical aid to respondent until December 27, 1957. On May 20, 1958, a little more than thirteen months after the second accident, respondent filed her claim which is now before this court against her employer, its insurer and the then State Treasurer, M. E. Morris, as custodian of the Second Injury Fund. This claim was settled by a compromise as between respondent and its insurer by a final lump sum payment which was approved by a referee (Mr. Wise) on November 23, 1959, which compromise recited that "This settlement not to preclude recovery against second injury fund." The amount of additional compensation from the Second Injury Fund was determined by the Industrial Commission to be 2½ weeks at $26.67 per week and $16.00 per week for respondent's life, there having been paid to the date of the award by

the employer and insurer (as per the settlement) $5,067.88 total.

§ 287.220 subd. 1 provides essentially that where an employee having a permanent partial disability, whether from compensable injury or not, receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability caused by the combined disabilities is greater than that which would have resulted from the last injury alone, the employer is liable only for the degree or percentage of disability (determined by the Commission or referee) resulting from the last injury had there been no preexisting disability. The balance of such disability shall be paid out of a special fund known as the Second Injury Fund, the custodian of which is the State Treasurer. By subsection 2 of this statute it is provided, "In all cases in which a recovery against the second injury fund is sought for permanent partial disability or for permanent total disability, the state treasurer as custodian thereof shall be named as a party, and shall be entitled to defend against the claim. * * *"

§ 287.430 provides that "No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment. * * *"

■■ We agree with appellant that the Workmen's Compensation limitation provision, § 287.430, supra, is applicable to claims against the Second Injury Fund when it is sought to impress that fund with the payment of compensation benefits although the Second Injury Fund statutes, §§ 287.220 et seq., do not have or expressly refer to any limitation period. This proposition was so held in the Texas and California cases cited below, the second or subsequent injury fund statutes of which states likewise in themselves do not refer to any period of limitation for the recovery of subsequent injury

benefits. Thus, if an injured employee waited beyond the one-year limitation of time from the date of his accident or one year from the last payment of medical benefits, he would be barred from maintaining the proceedings against the fund the same as he would be barred in maintaining a proceeding against his employer and employer's insurer for a first compensable injury. Appellant cites and relies upon the case of Industrial Accident Board v. Guidry, 162 Tex. 160, 345 S.W.2d 509. That case may be distinguished on its facts. There, Guidry (having had a previous disability) had *two* proceedings relating to his claim for compensation for injury suffered in an accident which resulted in total disability. The first proceeding was timely noticed and filed, within six months (Texas general Workmen's Compensation Act, § 4a, Art. 8307) from the date of injury, but was brought *only* against the insurer and the Second Injury Fund of Texas was not joined as a party. The Industrial Accident Board heard and considered the claim and an award of compensation was finally adjudicated. Guidry then sought the payment of the adjudicated claim against the Texas Second Injury Fund. It was held, and properly so, that he was barred inasmuch as he did not give the thirty-day notice and did not file his claim against the Second Injury Fund within six months after the occurrence of the injury. No such facts exist here. Respondent filed her claim against her employer, its insurer, *and* the State Treasurer as custodian of the Second Injury Fund within one year from the date of her last medical payments. See Subsequent Injuries Fund of State of California v. Industrial Accident Commission and Lois A. Patterson, Cal.Sup., 39 Cal.2d 83, 244 P.2d 889, where it was held that a claim for compensation against the Subsequent Injuries Fund filed within five years after the date of the injury upon the ground that the original injury had caused new and further disability (Cal.Labor Code, § 5410) was timely. See also State of California Subsequent Injuries Fund v. Industrial Accident Commis-

sion, Ernest H. Busch, 198 Cal.App.2d 818, 18 Cal.Rptr. 458, where it was held that a claim against the Subsequent Injuries Fund which was filed more than five years from the date of the injury but within one year from the last payment of compensation was timely filed under Cal.Labor Code, § 5405 (b); and also applying Cal.Labor Code, § 5405(b) to the time of last voluntary furnishing of medical treatment, see Subsequent Injuries Fund of State v. Industrial Accident Commission and Charles A. Ferguson, 178 Cal.App.2d 55, 2 Cal.Rptr. 646, and the case of State of California, Subsequent Injuries Fund v. Industrial Accident Commission and James W. Clubb, 155 Cal. App.2d 288, 318 P.2d 34, where it was held the employee was barred by the five-year statute, Cal.Labor Code, § 5410, by failing to file his claim against the Subsequent Injuries Fund within that time from his previous injury.

The views of the courts of Texas and California, and that of respondent here, are not inconsistent and we are in accord therewith. Consonant with the rule that Workmen's Compensation laws are to be liberally and broadly construed to effectuate their purposes, Hacker v. City of Potosi, Mo., 351 S.W.2d 760; Blew v. Conner, Mo., 328 S.W.2d 626, and that the purpose of §§ 287.220, et seq., is to encourage the employment of the partially handicapped, Federal Mutual Insurance Company v. Carpenter, supra, we hold that respondent's claim was timely filed against the Second Injury Fund under the general Workmen's Compensation limitations period, § 287.430, and she is not barred from maintaining such claim.

We note that § 287.140(1) requires that the employer furnish medical aid to an injured employee. That section does not exempt medical payments for a second injury, and its purpose is to aid in rehabilitating an injured employee. Thus, by rendering medical treatment it is entirely possible that an injured employee will completely recover from the injury and all effects thereof. On the other hand, if there is

residual permanent partial or total disability, those facts would not be known precisely during the course of medical treatment. As was pointed out in the California cases of Patterson and Ferguson, supra, "The question whether there will be aggravated permanent disability entitling an applicant to relief from the Subsequent Injuries Fund, like the question whether there will be any permanent disability, is one to which the answer may not appear until months after the injury." To hold that respondent is barred because she did not file her claim against and make the Second Injury Fund a party within one year from her accident, where she has complied with the provision that her claim be filed within one year from the date of last medical payments, and did at that time make the State Treasurer a party, would be doing violence to the above-stated purposes of our Workmen's Compensation Laws. The State Treasurer was made a party and did perform his duty of defending this *one* proceeding for compensation. The Second Injury Fund has not therefore been prejudiced. We cannot add to the limitation statute, § 287.430, the provision that the Second Injury Fund be notified at the time of the second injury. Appellant impliedly argues that such notice should be had. In disposing of that argument we again allude to the statements in the California cases of Patterson, Ferguson and Busch, supra, that "all provisions pertaining to periods of limitation, are peculiarly and primarily for the Legislature. If the attorney general is having difficulty in protecting the fund because of the circumstances appearing here such difficulty, however grave it may be, appears to be one which can be corrected only by the Legislature." The foregoing discussed points are ruled against appellant.

■ There is sufficient competent evidence in the record to warrant the Industrial Commission making the award, and the facts found by the Commission support the award. See § 287.490. See also Corp v. Joplin Cement Co., Banc, Mo., 337 S.W.2d 252, 258 [5]. Here, respondent, age 43,

testified that she successively caught her right and left hands in the hopper of the meat machine. At the time of the hearing the first injury had gotten worse; she could not make a bed, hold a tray, or cook. The right hand kept drawing, and she could not move her fingers. The hands were painful and were slowly getting worse; and it was necessary for her children to help her with housework and in dressing herself. Respondent has not worked since the second accident. The medical report of Doctor DeTar of Joplin shows a Dupuytren's contracture of the right hand involving the second, third and fourth fingers. His final diagnosis and opinion was that respondent had total functional loss of the right and left hands, and that she had a total disability in both hands, which constituted her being totally disabled from working. So also were the conclusions of Doctors Schoeberl and Hurst. Causation of the total disability was established. These points are ruled against appellant.

■ In his last point appellant contends that the referee was without authority to hold a hearing to approve the compromise settlement between respondent and her employer and its insurer, and the fact that the latter parties were discharged also discharged appellant. No case is cited as to these contentions. However it is clear from a reading of the applicable statutes that the contentions are unmeritorious. § 287.220 provides for a *separate* liability of the employer and the Second Injury Fund. The employer is liable only for the degree or percentage of disability for the last injury had there been no preexisting disability; the Second Injury Fund is liable for the balance of the disability found to exist above that found for the last injury alone. The employer and employee are authorized to compromise and settle the claim under § 287.390. Significantly, the State Treasurer, with the advice and consent of the Attorney General under § 287.220 subd. 2, may also enter into compromise settlements as contemplated by § 287.390. Under these statutory authorities we are unable to see how

either party would be prejudiced by a settlement of their separate liabilities and at different times by different referees.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.