Coy **STRANGE, Claimant/Respondent,**

v.

**SCI BUSINESS PRODUCTS, Employer/Appellant,**

and

**Sentry Insurance Company, Insurer.**

No. ED 76810.

Missouri Court of Appeals, Eastern District, Division Two.

May 2, 2000.

Thomas E. Fagan, St. Louis, for appellant.

Robert G. Kister, Hillsboro, for respondent.

ROBERT G. DOWD, Jr., Judge.

SCI Business Products (Employer or SCI) appeals from a final award of the Labor and Industrial Relations Commission (Commission) which affirmed the award of the Administrative Law Judge (ALJ) granting Coy Strange's (Claimant) claim for temporary or partial award. Employer asserts the Commission erred when it (1) acted arbitrarily in not approving the compromise settlement between Claimant and Employer, and (2) awarded compensation because there was no substantial and competent evidence to support the Commission's finding. We reverse and remand.

[1] Appellate review of a workers' compensation claim is governed by Section 287.495, RSMo 1994.[1] We may only review questions of law and we will modify, reverse, remand or set aside an award only where: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient evidence in the record to warrant the making of the award. Section 287.495.1, RSMo 1994; *Conley v. Treasurer of Missouri,* 999 S.W.2d 269, 271 (Mo.App. E.D.1999).

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

The record reveals that Claimant, age 32 at the time of the injury, completed 7th grade. His prior work experience included a job in a scrap yard and various types of security jobs. Claimant worked at SCI as a delivery driver and warehouse man.

On the day of the injury, a Thursday, Claimant hit a deer with his car on his way to work. Claimant and an unknown man who stopped to help, carried the deer up out of a ditch and put it in Claimant's trunk. When Claimant got to work, he and a co-worker took the deer out of the trunk of the car and put it behind one of the buildings at work.

Later while at work, Claimant and his co-workers were unloading copy paper from a truck. There was not a loading dock at SCI so the workers would move the paper in the truck to the back of the truck. Then, other workers would use a forklift to lower the paper to ground level. Workers would then push and pull the load to move it into the warehouse. The ground was uneven concrete. The holes in the concrete made the load difficult to move.

After work, Claimant dragged the deer into a wooded area to gut. Claimant then carried the deer back to his car and put it back into the trunk of the car. When Claimant arrived home he asked a friend to hang the deer in Claimant's tree to drain. The next day Claimant and his cousin butchered the deer.

Claimant went to the emergency room the following Tuesday complaining of back pain. Claimant told the doctor the injury occurred the Thursday before while loading paper. Claimant had back surgery two months after the injury.

There was a hearing and the ALJ awarded Claimant a temporary or partial award. Then, Claimant and Employer reached a settlement agreement. The Commission rejected this settlement because a representative of the Second Injury Fund had not signed the settlement agreement. The Commission affirmed the ALJ's award and granted Claimant's claim for a temporary or partial award. This appeal follows.

In its first point, Employer argues the Commission erred when it acted arbitrarily in not approving the compromise settlement between Claimant and Employer.[2] The Commission reasoned it could not accept the settlement because the Second Injury Fund was not included in the settlement. Employer argues it was not necessary to include the Second Injury Fund in the settlement agreement.

■ Where issues involve matters of law, we review independently. *Conley*, 999 S.W.2d at 271. A settlement agreement must be approved by the ALJ or the Commission to be binding. Section 287.390.1. The Stipulation For Compromise Settlement here was signed by the Claimant and the Employer, but not a representative of the Second Injury Fund. The Commission found the settlement deficient because of this and stated:

> Employee and employer/insurer did not include the Second Injury Fund in the proposed settlement. Employee and employer/insurer have failed to provide any explanation for excluding the Second Injury Fund from the proposed settlement. We exercise our discretion to disapprove the proposed settlement between employee and employer/insurer.

■ Section 287.220.1 provides for a separate liability of the employer and the Second Injury Fund. *Grant v. Neal*, 381 S.W.2d 838, 842 (Mo.1964). The employer is liable only for the degree or percentage of disability for the last injury had there been no preexisting disability; the Second Injury Fund is liable for the balance of the disability found to exist above that found for the last injury alone. *Id.* The employer and employee are authorized to compromise and settle the claim under Section 287.390.1. *Id.* Significantly, the State

**2.** We note Respondent has not filed a brief in this case.

Treasurer, on behalf of the Second Injury Fund, with the advice and consent of the Attorney General under Section 287.220.2, may also enter into compromise settlements as contemplated by Section 287.390. *Id.*

We find the Commission's reasons for denying the settlement are unsupported by the law. We find no statutes or case law requiring the Second Injury Fund to be included in settlement agreements between employers and employees. The employee's claims against the employer and against the Second Injury Fund are separate proceedings. We reverse and remand to the Commission to approve the settlement unless it is not in accordance with the rights of the parties in this claim, the Claimant and Employer, as set out in Chapter 287. Section 287.390.1. It is unnecessary for us to consider Employer's second point.

Judgment reversed and remanded.

CRANE, P.J., and SULLIVAN, J., concur.