Thomas J. NISBETT, Employee–
Respondent,

v.

TRI–STATE MOTOR TRANSIT,
Employer–Appellant.

No. 23977.

Missouri Court of Appeals,
Southern District,
Division Two.

May 3, 2001.

Ronald G. Sparlin, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, MO, for Appellant.

No brief filed by Respondent.

PREWITT, Judge.

After hearing, an associate administrative law judge entered an award denying any workers' compensation benefits to the Employee because he failed to introduce into evidence any medical testimony or records establishing that his heart problems were related to his employment.

Employee sought review by the Labor and Industrial Relations Commission ("Commission"). The Commission issued an "Order Remanding to Allow Record to be Supplemented," and remanded the matter to the Division of Workers' Compensation ("Division") to allow Employee the opportunity to depose Dr. Russell Allen. Employer appeals.

The Court of Appeals has no appellate jurisdiction in a workers' compensation case except as expressly conferred by statute. *Martin v. Jet Envelope, Inc.*, 943 S.W.2d 321, 322 (Mo.App.1997). Section 287.495, RSMo Supp.1998, provides that final awards may be appealed; such an award is one that disposes of the entire controversy between the parties. *Id. See*

also *Smith v. Smiley Container Corp.*, 997 S.W.2d 126, 128 n. 1 (Mo.App.1999). What may be considered an exception to this rule is that there may be appellate review on the issue of liability, although an award is denominated "temporary or partial." *Cahall v. Cahall*, 963 S.W.2d 368, 371 (Mo. App.1998). *See also Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 398 (Mo.App.1996)(recognizing two situations where courts have looked behind an award designated "temporary or partial" to determine if it is in fact a final award for the purpose of appeal).

In *Korte*, following a temporary or partial award, the administrative law judge ordered that the employer and insurer conduct further medical tests and provide the results of the tests to the tribunal. The Commission affirmed and adopted the award and order. The employer-insurer appealed, challenging the Commission's authority to provide for further medical tests. On appeal, the Court of Appeals determined that this type of award was not reviewable on appeal and the appeal was dismissed. 922 S.W.2d at 398.

Appeal in a workers' compensation matter lies from a final award of the Commission. § 287.495, RSMo Supp.1998. There is no final award by the Commission here and none of the exceptions referred to above apply. Therefore, no appeal lies.

The appeal is dismissed.

GARRISON, J., and RAHMEYER, J., concur.