**Keith SMITH, Respondent,**

v.

**SEMO TANK & SUPPLY CO., and Missouri Employers Mutual Insurance, Appellants.**

**No. ED 81295.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 2003.

Mary Anne Lindsey, Michael F. Banahan, Evans & Dixon, St. Louis, for appellants.

Jill S. Bollwerk, Jill S. Bollwerk, LLC, St. Louis, Joseph Webb, Webb Law Firm, Perryville, for respondent.

GARY M. GAERTNER, Sr., Judge.

Appellants, Semo Tank & Supply Co. ("Semo") and Missouri Employers Mutual Insurance, appeal from an order of the Labor and Industrial Relations Commission ("commission") finding that the alleged settlement between Semo and respondent, Keith Smith ("claimant") was a nullity and was not in the best interest of the claimant. Based upon this finding the commission remanded the matter for hearing on the merits of the claim. We dismiss.

This cause was presented to the Administrative Law Judge ("ALJ") upon the agreed stipulation of facts of the parties. Claimant filed a claim against his employer, Semo, alleging that he injured his "low back" and body as a whole on February 23, 1996, while lifting a fire truck compartment. Semo admitted in its answer to the claim that claimant sustained an accidental injury for which all necessary compensation benefits and medical aid had been provided. On or about August 23, 2001, claimant's counsel contacted Semo's counsel and indicated that claimant would accept Semo's offer of $135,000.00 to settle his claim. On August 27, 2001, claimant's counsel forwarded a "Stipulation for Compromise Lump–Sum Settlement" ("stipulation") to Semo's counsel. Claimant's counsel requested that Semo's counsel sign the stipulation and fill in the blanks pertaining to medical aid and temporary total disability benefits paid to claimant. Claimant's counsel indicated he would take the stipulation to the Division of Workers' Compensation for approval after claimant signed it. The stipulation provided that claimant's claim would be settled by payment from Semo of a lump sum payment of $135,000.00 to compromise the claimant's claim for permanent total disability.

Upon receiving the stipulation, Semo's counsel filled in the blanks and signed the stipulation as requested. On September 10, 2001, Semo's counsel forwarded the completed stipulation to claimant's counsel with the understanding claimant's counsel would obtain approval of the stipulation. On October 9, 2001, claimant's counsel advised Semo's counsel that claimant had changed his decision to settle the case and that claimant wished to have a hearing on the matter.

At no time did claimant assert that he agreed to settle the claim or that he agreed to enter into the stipulation based upon mistake of fact or fraud of any kind. Semo's counsel signed the stipulation; however, neither claimant nor his counsel signed.

According to the ALJ, Semo filed a motion to compel settlement because of its execution of the stipulation. A phone conference was held on November 28, 2001 between counsel for both parties and the ALJ for the purpose of attempting to resolve the settlement issue. The ALJ determined the sole issue of the case was whether or not Semo and claimant had an agreement to settle the case as set forth in the stipulation. The ALJ found there was an offer by Semo to settle and an acceptance by claimant of the offer for the consideration of $135,000.00 and the filling in of the blanks of the stipulation by Semo. The ALJ found the parties entered into a just settlement agreement that was therefore approved.

Claimant filed an application for review with the commission alleging the ALJ acted without or in excess of his powers by approving a compromise settlement without the consent of claimant at the time of approval. Claimant contended that because of his lack of consent the ALJ should have allowed claimant's request for a hearing.

On May 2, 2002, the commission unanimously, with a concurrence filed, issued an order that found that the alleged settlement was a nullity and was additionally not in the best interest of claimant or in accordance with the rights of the parties. Thus, the commission reversed the decision of the ALJ and remanded the case for a hearing on the merits of the claim. Semo appeals the order of the commission.

■ On appeal, claimant filed a motion to dismiss Semo's appeal which was taken with the case. Claimant contends the decision of the commission is not a final award and, therefore, we have no appellate jurisdiction pursuant to section 287.495, RSMo 2000.[1] We agree.

■ We have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Martin v. Jet Envelope, Inc.,* 943 S.W.2d 321, 322 (Mo.App. E.D.1997). Section 287.495 states that final awards of the commission may be appealed. *Id.* A final award is one which disposes of the entire controversy between the parties to the claim. *Id.* Finality is found when the commission arrives at a terminal, complete resolution of the case before it. *Id.* An order lacks finality where it remains tentative, provisional, contingent subject to recall, revision or reconsideration by the commission. *Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 398 (Mo.App. E.D. 1996).

Claimant cites the Southern District case of *Nisbett v. Tri–State Motor Transit,* 45 S.W.3d 545 (Mo.App. S.D.2001), in support of his motion to dismiss Semo's appeal. In *Nisbett,* the Southern District dismissed the employer's appeal from an order issued by the commission which remanded the matter to the Division of Worker's Compensation to allow the claim-

ant the opportunity to depose an expert witness in order to establish his injury was work related. *Id.* at 545–46. The Southern District found that the order issued by the commission for remand to supplement the record was not a final award and therefore it lacked appellate jurisdiction over the case. *Id.* at 546.

Semo cites the Southern District case of *Ayotte v. Pillsbury Co.,* 871 S.W.2d 139 (Mo.App. S.D.1994), in support of its motion in opposition to claimant's motion to dismiss. In *Ayotte,* the Southern District exercised its appellate jurisdiction and reviewed the finding of the commission that the parties had entered into a settlement agreement. *Id.* at 142. In *Ayotte,* the ALJ approved the settlement and the commission "affirmed the award of a lump sum" amount "based on the purported settlement agreement." *Id.* Claimant appealed the award of the commission "based on the purported settlement" and argued on appeal that the commission erred in finding there was an agreement to settle the claim. *Id.*

Semo contends this court should, as the Southern District in *Ayotte,* exercise its jurisdiction and review the findings of the commission. Furthermore, Semo argues all the issues raised by the parties were addressed and resolved by the commission and the commission's order disposed of the entire controversy between the parties; thus, a "final award" was rendered for purposes of an appeal pursuant to section 287.495.

However, the case at hand is distinguishable from *Ayotte.* In *Ayotte* the commission, affirming the approval of a settlement by the ALJ, issued an award "based upon the purported settlement." *Ayotte,* 871 S.W.2d at 142. In this case, the commission has not issued an award "based upon the purported settlement," but in-

---

1.  All statutory references are to RSMo 2000, unless otherwise indicated.

stead issued an order that found that the alleged settlement was a nullity and was not in the best interest of claimant.

Moreover, the commission, similar to the commission in *Nisbett* and unlike the commission in *Ayotte,* remanded the case to the Division of Workers' Compensation for a hearing on the merits of the claim. Although similar, the case at hand and *Nisbett* are not identical. In *Nisbett* the commission issued an "Order Remanding to Allow Record to be Supplemented," whereas here the commission issued an "ORDER (Reversing Decision of Administrative Law Judge and Remanding for Hearing)." *Nisbett,* 45 S.W.3d at 545. Regardless, neither order of the respective commissions in either case was a final award triggering appellate jurisdiction.

In this case, the commission did not issue an award designated "temporary or partial" which would leave this court to determine if the designation of a "temporary or partial" award was a "final award" for the purposes of appeal. *See Korte,* 922 S.W.2d at 398. The commission clearly did not issue either a "temporary or partial" award or a "final award." Instead the commission plainly issued an "ORDER (Reversing Decision of Administrative Law Judge and Remanding for Hearing)" and thus the controversy between the parties is not disposed but remanded for further proceedings. Therefore, we lack appellate jurisdiction to review the order of the commission.

Accordingly, claimant's motion to dismiss that was taken with the case is granted and we dismiss the appeal.

PAUL J. SIMON, P.J. and
KATHIANNE KNAUP CRANE, J.,
concur.