**Jerry JACKSON, Appellant,**

v.

**STAHL SPECIALTY CO., Respondent.**

**No. WD 70909.**

Missouri Court of Appeals,
Western District.

March 30, 2010.

Rick E. Koenig, Esq., Sedalia, MO, for appellant.

Anne Wickliffe, Esq., Kansas City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., and JAMES M. SMART, JR., and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Jerry Jackson filed a motion to approve a settlement of his workers' compensation claim against Stahl Specialty Company. An Administrative Law Judge ("ALJ") in the Division of Workers' Compensation denied the motion, concluding that he lacked authority to resolve the parties' dispute as to whether they had in fact agreed to a final and binding settlement. The Labor and Industrial Relations Commission dismissed Jackson's application for review on the ground that it lacked statutory authority to review the ALJ's order. Jackson appeals. Because we lack appellate jurisdiction over the Commission's interlocutory ruling, we dismiss.

## Factual Background

Jerry Jackson was injured in an on-the-job accident in August 1999, while working for Stahl. Following a hearing in 2003, Jackson was awarded temporary total disability benefits and medical treatment as needed. Jackson, who is now fifty-eight years old, continues to receive those benefits. He also receives Social Security disability benefits.

The parties entered into mediation in June 2006 and continued to negotiate into early 2007. Jackson claimed that the parties agreed to settlement terms, and a proposed stipulation was drafted. At that point, Jackson said, Stahl stated that it would not go forward with the settlement the parties had discussed.

On August 24, 2007, Jackson's attorney filed a motion with the Division to approve the purported settlement pursuant to § 287.390.[1] An ALJ held a hearing on the motion in January 2009. At the outset, the ALJ expressed doubts that he had authority to resolve a dispute as to a purported settlement agreement.

> Off the record, I had indicated to all counsel that I believe under [§ ] 287.390 there is no settlement because the language of the statute indicates that a settlement is only a settlement once the Administrative Law Judge signs and approves that settlement. There being no such agreement or document, ... I have represented to counsel I don't believe I have jurisdiction to entertain the motion since there, to my knowledge, is no motion practiced in Division of Workers' Compensation.

Despite the stated reservations, the ALJ permitted the hearing to proceed to allow Jackson to make a record in the event he sought further review.

Described generally, Jackson's evidence indicated that, on or about March 14, 2007, Stahl had agreed to settle his claim for $200,000, plus one half of the Medicare set-aside trust amount, which the parties anticipated would total $8,610.72.[2] Stahl would continue to pay temporary total disability benefits until an ALJ approved the agreement. All authorized medical expenses incurred to date would be paid by Stahl, and Jackson would reimburse Medicare for any unauthorized medical payments. The parties agreed to wait for Medicare approval of the set-aside trust before submitting the agreement to the ALJ for approval. After a stipulation memorializing the agreement had been drafted, Stahl's attorney called Jackson's attorney and said Stahl would not follow through with the agreement. The stipulation was accordingly never executed. In November 2007, Jackson sought Medicare's approval of the set-aside trust amount. Medicare approved the set-aside trust, in the amount the parties had anticipated (rounded to the nearest whole dollar).

Following the hearing the ALJ issued an Order Denying Claimant's Motion to Approve Settlement. Consistent with the ALJ's comments at the outset of the hearing, the Order concluded that:

> the Claimant has no basis to request the [ALJ] to enforce a settlement for which there had been no executed documents by the parties themselves for ... a judge to approve and there has been no

1. Statutory references are to the RSMo 2000, updated through the Cumulative Supplement 2005.

2. "A Medicare Set Aside Trust is a trust created to hold the amount Medicare would reasonably be expected to expend for the employee in question, over his or her lifetime, for the injury at issue." *Roberts v. City of St. Louis*, 254 S.W.3d 280, 282 n. 1 (Mo.App. E.D. 2008).

approval of said proposed settlement by an [ALJ] to enforce.

The ALJ further found Jackson's motion to be frivolous under § 287.560, and ordered costs assessed against Jackson and his attorney.

Jackson filed an application for review with the Commission. Citing § 287.480,[3] the Commission held:

> The [ALJ's] Order is not an award under the Workers' Compensation Law. In considering a compromise agreement, the administrative law judge is not called upon to determine a dispute and render an award as provided in section 287.460 RSMo....
>
> Because we have no statutory authority to consider the Application for Review from the administrative law judge's order denying approval of the settlement, we dismiss the Application for Review for lack of jurisdiction.

(Citation omitted.) Jackson appeals.

## Analysis

■ Generally, our review of a workers' compensation award is governed by article V, § 18 of the Missouri Constitution and § 287.495. *See Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222 (Mo. banc 2003). We review the Commission's ruling, not that of the ALJ. *Roberts v. City of St. Louis,* 254 S.W.3d 280, 283 (Mo.App. E.D.2008).

■ Stahl contends the appeal must be dismissed because § 287.495.1 authorizes appellate review only of the Commission's "final awards." We agree.

We have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. Section 287.495 states that final awards of the commission may be appealed. A final award is one which disposes of the entire controversy between the parties to the claim. Finality is found when the commission arrives at a terminal, complete resolution of the case before it. An order lacks finality where it remains tentative, provisional, contingent[, or] subject to recall, revision or reconsideration by the commission.

*Smith v. Semo Tank & Supply Co.,* 99 S.W.3d 11, 13 (Mo.App. E.D.2002) (citations omitted); *see also, e.g., Doerr v. Teton Transp., Inc.,* 258 S.W.3d 514, 520 (Mo.App. S.D.2008); *Braswell v. Mo. State Highway Patrol,* 249 S.W.3d 293, 297 (Mo. App. S.D.2008).

■ Under this finality requirement, courts have repeatedly held—with exceptions not relevant here—that no appellate jurisdiction exists to review temporary or partial awards of benefits made pursuant to § 287.510. *See, e.g., Doerr,* 258 S.W.3d at 520–21; *Braswell,* 249 S.W.3d at 297–98. Similarly, this Court has no appellate jurisdiction to review a Commission decision which remands a workers' compensation case to the ALJ for further factual development. *See, e.g., Nisbett v. Tri–State Motor Transit,* 45 S.W.3d 545, 545–46 (Mo. App. S.D.2001) (dismissing appeal where the Commission, on review of an ALJ decision denying all benefits, entered an "Order Remanding to Allow Record to be Supplemented," to permit the claimant to depose a medical witness).

*Smith v. Semo Tank* applied these finality principles to the precise situation involved here. In *Smith,* the claimant reneged on an agreement he had previously reached with his employer to settle his workers' compensation claim for a lump-

---

**3.** Section 287.480.1 provides in relevant part: "If an application for review is made to the commission within twenty days from the date of the award, the full commission ... shall review the evidence, or ... hear the parties ... and shall make an award[.]"

sum payment of $135,000. Despite the claimant's belated rejection of the settlement, the ALJ approved it over his objection. The claimant then sought review with the Commission. 99 S.W.3d at 12. The Commission ruled that the alleged settlement was a "nullity" and was not in the best interest of the claimant or in accordance with the rights of the parties. *Id.* at 13. It remanded the case to the ALJ. *Id.* The employer appealed. The Eastern District dismissed the appeal. The court held that it lacked appellate jurisdiction to review the Commission's rejection of the claimed settlement, because the Commission's order rejecting the settlement was not a final disposition. *Id.* at 13–14. The court distinguished *Ayotte v. Pillsbury Co.,* 871 S.W.2d 139, 142 (Mo. App. S.D.1994), in which the Commission had issued a final award based on a purported settlement that had been *approved,* since in *Ayotte* the Commission's approval of the settlement in fact finally terminated the claimant's workers' compensation proceeding. *Smith,* 99 S.W.3d at 13–14.[4]

Under *Smith* and the finality principles it applies, we lack appellate jurisdiction to review the Commission order Jackson challenges. The Commission has not issued a final, complete, and terminal disposition of Jackson's workers' compensation claim; to the contrary, from all that appears Jackson continues to receive *temporary* total disability benefits and medical treatment, and his workers' compensation claim remains pending in the Division of Workers' Compensation. Jackson's attempt to appeal from an interlocutory order which does not fully and finally resolve his claim must be dismissed.

Seeking to avoid this result, Jackson relies heavily on *Strange v. SCI Business Products,* 17 S.W.3d 171 (Mo.App. E.D. 2000). *Strange* reviewed by appeal—and reversed—a Commission decision which refused to approve a settlement agreement. The simple answer to Jackson's reliance on *Strange* is that the court did not address the basis for its appellate jurisdiction. Indeed, the first sentence of the *Strange* opinion states without elaboration that the employer "appeals *from* a *final award* of the [Commission] which affirmed the award of the [ALJ] granting [claimant's] claim for temporary or partial award" (the same order which also refused to enforce the settlement agreement). *Id.* at 172 (emphasis added). Under the caselaw cited above, however, with limited exceptions neither a temporary or partial award of benefits, nor the refusal to approve a settlement, constitutes an immediately appealable "final award." Yet *Strange* offers no justification for its statement that it was reviewing an appealable "final award." Given its failure to identify any basis for its own jurisdiction, and in light of the later decision in *Smith v. Semo Tank, Strange* cannot be relied upon to establish a party's right to immediate appellate review of a Commission decision which refuses to approve the settlement of a workers' compensation claim.

■ Although we lack appellate jurisdiction, we recognize that Jackson may be able to seek a writ of mandamus to challenge the Commission's refusal on jurisdictional grounds to review the ALJ's order, and/or the ALJ's underlying conclusion that he lacked statutory authority to decide whether a settlement had been

---

4. *Roberts v. City of St. Louis,* 254 S.W.3d 280 (Mo.App. E.D.2008), on which Jackson relies, is distinguishable for the same reasons as *Ayotte:* in *Roberts,* the Commission actually entered a final award based on a purported settlement agreement, thereby rendering a decision which resulted in a complete and terminal resolution of the proceeding, properly subject to review on appeal.

reached. *Cf. State ex rel. Stewart v. McGuire,* 838 S.W.2d 516, 518 (Mo.App. S.D.1992) ("[W]here a circuit court, having obtained jurisdiction, refuses to proceed in the exercise thereof to a determination on the merits, and there is no adequate remedy by appeal, it may be compelled to do so by mandamus."). We also recognize that "[i]n limited circumstances, this Court will treat improper appeals as applications for original writs." *In the Interest of N.D.C.,* 229 S.W.3d 602, 604 (Mo. banc 2007); *see also State v. Larson,* 79 S.W.3d 891, 893–94 (Mo. banc 2002). In the circumstances here, we decline to consider Jackson's appeal as an application for a writ of mandamus. The Commission is not a party to this proceeding. We believe that *Smith v. Semo Tank,* and the well-established finality principles it applies, should have alerted Jackson that an appeal was not available in these circumstances. Moreover, the availability of an extraordinary writ may present its own procedural difficulties, none of which have been addressed by the parties.

### Conclusion

For the foregoing reasons, we conclude that the Commission decision Jackson challenges is not a final award subject to review by appeal. Jackson's appeal is accordingly dismissed.[5]

All concur.

---

5. Based on our disposition, we do not address Jackson's further contention that the ALJ erroneously assessed costs against him and his attorney based on the finding that Jackson's motion to enforce settlement was filed "without reasonable ground" under § 287.560. Jackson presumably may request review of

---

this ruling by the Commission, and by this Court as necessary, after a reviewable final award is entered on his workers' compensation claim. We do not regard this attempted appeal as frivolous, and accordingly deny Stahl's motion to be awarded its costs on appeal.