Todd **GRAUBERGER**, Claimant–
Respondent,

v.

**ATLAS VAN LINES, INC.,**
**Employer–Appellant.**

No. SD 31823.

Missouri Court of Appeals,
Southern District,
Division One.

June 14, 2012.

Todd D. Hilliker, Holtkamp, Liese, Schultz & Hilliker, P.C., St. Louis, MO, for Appellant.

David A. Childers and Michael W. Lutke, Childers Law Firm, P.C., Springfield, MO, for Respondent.

GARY W. LYNCH, J.

Atlas Van Lines, Inc. ("Employer"), appeals the order of the Labor and Industrial Relations Commission ("Commission"), denominated as "Final Award Allowing Compensation," entered in favor of Todd Grauberger ("Claimant") on December 20, 2011. Because the Commission found that there were remaining issues that required remand of this matter to the Division of Workers' Compensation ("Division") for the taking of additional evidence, we determine that the order is not a final award subject to appellate review, as provided for by section 287.495.1, and accordingly dismiss the appeal.[1]

### Procedural Background

Claimant filed a claim for compensation on March 12, 2003, for a work-related injury that occurred on November 19, 2001. Employer and Legion Insurance Company ("Insurer"), Employer's workers' compensation insurance carrier, filed a joint answer admitting that Claimant sustained a compensable injury on the alleged date and that any liability of Employer was fully insured by Insurer. A hearing on the claim by the Division was held before an Administrative Law Judge ("ALJ") on January 14, 2011. The ALJ entered an award on March 3, 2011, finding Claimant permanently and totally disabled.

As provided by section 287.480, Employer appealed the ALJ's award to the Commission by filing an Application for Review on March 17, 2011. Four days later, on March 21, Claimant filed a motion to dismiss the appeal, alleging that Employer was uninsured as described in section 287.480.2 and 8 CSR 20–3.070 and was required to file a bond, as provided therein, along with its application for review. Claimant further contended that in the absence of the required bond, section 287.480.2 precluded the Commission from considering the application for review as having been filed. Four days after that, on March 25, premised upon the validity of the allegations and contentions in his motion to dismiss appeal and that, therefore, the ALJ's award had become final in the absence of an appeal to the Commission, Claimant filed a motion to commute the award. *See* section 287.530; 8 CSR 20–3.010(5). Employer and Insurer, through their joint attorney of record, filed joint responses to both of Claimant's motions.

By order dated April 14, 2011, the Commission denied Claimant's motion to dismiss appeal stating, in pertinent part:

> Section 287.480.2 provides, in relevant part:
>
> > An employer who has been determined by the division to be an employer subject to and operating pursuant to this chapter and has also been *determined to be uninsured* may file an application for review but such application for review shall be accompanied with and attached to the application

---

1. Statutory references are to RSMo.2000, unless otherwise indicated.

for review a bond which shall be conditioned for the satisfaction of the award in full, and if for any reason the appeal is dismissed or if the award is affirmed or modified, to satisfy in full such modification of the award as the commission may award. (Emphasis [added by Commission]).

[Claimant] does not direct us to any determination by the administrative law judge or the Division of Workers' Compensation finding that employer is uninsured. To the contrary, on page 1 of his award, the administrative law judge found [Employer] was insured for this claim by Legion Insurance Company. The bonding requirement of § 287.480.2 was not triggered in this matter.

On December 20, 2011, Commission entered an order denominated as "Final Award Allowing Compensation" affirming the ALJ's award and providing further:

We note that on March 25, 2011, [Claimant] filed a Motion to Commute Award with this Commission. We have carefully considered [Claimant's] Motion, as well as [Employer's] responsive filings. Because we are convinced that [Claimant's] Motion raises issues that will require our remanding this matter to the Division of Workers' Compensation for the taking of additional evidence, and in light of the potential for undue procedural difficulty depending on any future actions taken by the parties, or the appellate courts, pursuant to § 287.495.1 RSMo after the issuance of this final award, we hereby defer our decision on [Claimant's] Motion to Commute Award until there is a conclusive and binding award in this matter.

Twenty-nine days later, on January 18, 2012, Employer filed with the Commission a notice of appeal to this Court of the Commission's December 20, 2011, order.

Claimant has filed a motion to dismiss this appeal, alleging that Employer's notice of appeal can not be considered filed because it was not accompanied by a bond as required by section 287.480.2 and 8 CSR 20–3.070. This motion was ordered taken with the case. We will address it first before turning to Employer's points on appeal.

### Claimant's Motion to Dismiss Appeal is Denied

■ As asserted before the Commission, Claimant also now asserts in his motion to dismiss this appeal that Employer is uninsured and, thus, was required by section 287.480.2 to accompany its notice of appeal with a bond. That subsection provides in full:

An employer who has been determined by the division to be an employer subject to and operating pursuant to this chapter and has also been *determined to be uninsured* may file an application for review but such application for review shall be accompanied with and attached to the application for review a bond which shall be conditioned for the satisfaction of the award in full, and if for any reason the appeal is dismissed or if the award is affirmed or modified, to satisfy in full such modification of the award as the commission may award. The surety on such bond shall be a bank, savings and loan institution or an insurance company licensed to do business in the state of Missouri. No appeal to the commission shall be considered filed unless accompanied by such bond and such bond shall also be a prerequisite for appeal as provided in section 287.495 and such appeal pursuant to section 287.495 shall not be considered filed unless accompanied by such bond. If any other employer pursuant to section 287.040 would be liable, the employee shall be paid benefits from the bond until the bond is exhausted before the section 287.040 employer is required to pay.

Section 287.480.2 (Emphasis added). We deny Claimant's motion to dismiss for the same reason that the Commission denied Claimant's similar motion before it—the Division has never determined Employer to be uninsured.

The applicability of section 287.480.2 has two prerequisites—the Division's determination that an employer is "subject to and operating pursuant to this chapter" and the Division's determination that the employer is uninsured. Section 287.480.2. Claimant's motion to dismiss mentions nothing about the second determination having been made by Division but rather refers to attached documents from outside the record on appeal and inferentially seeks this Court's determination that Employer is uninsured based upon the contents of those documents. Similarly, his respondent's brief fails to identify anything in the record on appeal that supports that the Division determined that Employer is uninsured.

This claim was pending in Division for almost eight years from its filing on March 12, 2003, until the ALJ's award on March 3, 2011. Employer and Insurer were continuously jointly represented by counsel. Claimant could have easily sought at any time during that eight-year period a determination by the Division that Employer was uninsured but for unknown reasons chose not to do so. In the absence of a determination by the Division that Employer is uninsured, section 287.480.2 does not apply to require Employer to file a bond in order to file its notice of appeal. Claimant's motion to dismiss this appeal is denied.

### Commission's Order is not a Final Award

██ Employer raises three points in its brief, but we only need to consider its first point because it is dispositive in this appeal. In its first point, Employer claims that the Commission's order dated December 20, 2011, is not a final award as required by section 287.495.1 to confer statutory authority upon this Court to review it on appeal. This is so, Employer argues, because the order expressly finds that there are issues that remain outstanding that require a remand to the Division for taking additional evidence. We agree.

"We have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. Section 287.495 states that final awards of the commission may be appealed. A final award is one which disposes of the entire controversy between the parties to the claim. Finality is found when the commission arrives at a terminal, complete resolution of the case before it. An order lacks finality where it remains tentative, provisional, contingent[, or] subject to recall, revision or reconsideration by the commission."
*Smith v. Semo Tank & Supply Co.*, 99 S.W.3d 11, 13 (Mo.App. E.D.2002) (citations omitted); *see also, e.g., Doerr v. Teton Transp., Inc.*, 258 S.W.3d 514, 520 (Mo.App. S.D.2008); *Braswell v. Mo. State Highway Patrol*, 249 S.W.3d 293, 297 (Mo.App. S.D.2008).

*Jackson v. Stahl Specialty Co.*, 310 S.W.3d 707, 710 (Mo.App.2010). "[T]his Court has no appellate jurisdiction to review a Commission decision which remands a workers' compensation case to the ALJ for further factual development." *Id., see, e.g., Nisbett v. Tri–State Motor Transit*, 45 S.W.3d 545, 545–46 (Mo.App.2001) (dismissing appeal where the Commission, on review of an ALJ's decision denying all benefits, entered an "Order Remanding to Allow Record to be Supplemented" to permit the claimant to depose a medical witness).

Section 287.530.1 provides that "[t]he compensation provided in this chapter may be commuted by the division or the com-

mission[.]" The allocation of this function as between the Division and the Commission is set out in 8 CSR 20–3.010, which provides, in relevant part, as follows:

(5) Lump Sum Payment of Compensation (Motion for Commutation).

(A) A motion for commutation of compensation due may be filed with the division or one of its administrative law judges at the time a hearing is held and evidence shall be heard on the motion. If payment of compensation is awarded by the administrative law judge, a decision shall be made by the administrative law judge relative to the motion for lump sum payment.

(B) A motion for commutation shall be filed with the commission in all cases in which the award of the administrative law judge has become final.

Accordingly, a claimant has the discretion to file a motion for commutation with the Division at the time the hearing is held, and if so filed, then the ALJ is required to decide that motion along with the claim if an award is made. 8 CSR 20–3.010(5)(A). If the claimant waits until after an award becomes final, however, such a motion must be filed with the Commission. 8 CSR 20–3.010(5)(B). In the former situation, the Division's decision by the ALJ becomes a part of any award and is a reviewable issue by the Commission as a part of that award upon timely filing of an application for review. Section 287.480.1. Thus, any final award by the Commission on the claim upon such review would necessarily include its decision on the motion for commutation. In the latter situation, however, the Commission's decision on a motion for commutation would not be a part of the award on the claim; rather, it would be independent of the award because the award has, by definition, become final.

Here, Claimant's motion for commutation was neither filed with the Division at the time the hearing was held, as contemplated by 8 CSR 20–3.010(5)(A), or filed with Commission after the award became final, as contemplated by 8 CSR 20–3.010(5)(B). Rather, it was filed with the Commission after the Division's award was made but before it became final. The Commission's order on December 20, 2011, affirming the award recognized that the issue of commutation of that award was still outstanding and that the resolution of that issue would require remand to the Division "for the taking of additional evidence." This order treated the case exactly as if Claimant had filed the motion for commutation with the Division and the ALJ had issued an award in favor of Claimant but failed to rule on Claimant's motion for commutation as required by 8 CSR 20–3.010(5)(A). In that posture, the determination of the commutation issue is part of the award on the claim and, therefore, the Commission's order did not "[dispose] of the entire controversy between the parties to the claim[,]" nor did it "[arrive] at a terminal, complete resolution of the case before it." *See Jackson,* 310 S.W.3d at 710. Conversely, the Commission's order "remains tentative, provisional, contingent[, or] subject to recall, revision or reconsideration by the commission." *Id.* In other words, the Commission's order on December 20, 2011, is not a final award as required by section 287.495.1 in order to grant this Court statutory authority to review it. Employer's first point is granted.

### *Decision*

Employer's appeal is dismissed.

DON E. BURRELL, P.J., and NANCY STEFFEN RAHMEYER, J., concur.