**WEST LAKE QUARRY AND MATERIAL COMPANY, et al., Plaintiffs–Respondents,**

v.

**CITY OF BRIDGETON, et al., Defendants–Appellants.**

No. 56290.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 19, 1989.

Peper, Martin, Jensen, Maichel & Hetlage, Martin P. Zucker, William A. Richter, Mark S. Packer, St. Louis, for defendants-appellants.

The Stolar Partnership, Jay L. Levitch, James F. Gunn, St. Louis, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendant, City of Bridgeton, appeals from an order of the Circuit Court entered following our remand in *Westlake Quarry v. City of Bridgeton,* 761 S.W.2d 749 (Mo. App.1988).  That case involved a requested rezoning of property owned by Westlake Quarry which was zoned by the City for residential use.  The trial court held, and we affirmed, that the residential zoning was unconstitutional and therefore null and void.  The trial court further held that the

only reasonable zoning for the property was M–1, an industrial usage which would permit operation of a quarry on the premises. We reversed that holding on the basis that the trial court had no jurisdiction to prescribe what commercial use shall be permitted on particular property. The court could only require the city to place a reasonable zoning classification on the property. *Id.* [9]. We remanded "with directions to enter an order not inconsistent with this opinion." Our mandate stated that the case was remanded "to the aforesaid court to order the City to place a reasonable zoning classification on the property and affirmed in all other respects in accordance with the opinion of the Court...."

■ Following remand the trial court entered the order now before us which in pertinent part provides:

"This Court now orders the City to place a reasonable zoning classification on the property, *not inconsistent with this Court's Findings of Fact and Conclusions of Law*, and orders both parties to comply with its previous order and judgment in all other respects." (Emphasis supplied).

The inclusion of the emphasized language has prompted this appeal. The trial court's findings of fact and conclusions of law addressed both the issue of the constitutionality of the residential zoning and the reasonableness of any other zoning than M–1. Our opinion upheld the court's judgment on the former issue and found the court had no jurisdiction to decide the latter issue. We review the judgment of the trial court and our mandate is directed to that judgment. The mandate is not directed to the findings of fact and conclusions of law which underlie the judgment rendered and our affirmance "in all other respects" does not signify approval of those findings and conclusions. To the extent that those findings and conclusions hold that only an M–1 zoning is reasonable and mandate such zoning for the land, they were beyond the jurisdiction of the court and have no legal effect.

■ A trial court has no power to modify, alter, amend or in any manner depart from the judgment of the appellate court and proceedings contrary to the appellate court mandate are null and void. *Morrison v. Caspersen*, 339 S.W.2d 790 (Mo.1960) [1–3]; *City of St. Charles v. Schroeder*, 510 S.W.2d 202 (Mo.App.1974) [1, 2]. Our mandate to the trial court was to order the City to place a reasonable zoning classification on the property. The order of the trial court altered that mandate by impressing upon the City's actions limiting restrictions which the trial court lacked the jurisdiction to originate. The order as entered was contrary to our mandate and must be modified.

The order of the trial court is modified by deleting therefrom the words "not inconsistent with this court's Findings of Fact and Conclusions of Law" and as modified is affirmed.

STEPHAN and SATZ, JJ., concur.