Randall BRECKLE, Claimant/Appellant,

v.

HAWK'S NEST, INC.,
Employer/Respondent.

No. 73991.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1998.

Harry J. Nichols, St. Louis, for appellant.

John P. Palombi, St. Louis, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Randall Breckle (Breckle) appeals the award of the Labor and Industrial Relations Commission (Commission) denying him past due and future nursing care under The Workers' Compensation Law, Chapter 287. We reverse and remand.

On 31 March 1989, Breckle was injured in the course of his employment with Hawk's Nest, Inc. (Hawk's Nest). Breckle attempted to remove portions of a cut down tree when he fell down a hill. He sustained injuries to his back which subsequently required surgery. Prior to this injury, Breckle had undergone two previous back surgeries. Breckle never returned to work.

Breckle filed a compensation claim pursuant to the provisions of Missouri's Workers' Compensation Law denominating both Hawk's Nest and the Custodian of the Second Injury Fund as parties. Following a hearing by the Administrative Law Judge (ALJ), Breckle was determined to be permanently and totally disabled. Hawk's Nest was responsible for 40% of the permanent disability to Breckle as a whole, 15% to his upper left extremity, and 10% to his upper right extremity. The Second Injury Fund was responsible for the permanent total disability. However, the ALJ found Breckle's

claim for past due medical care and future medical care for nursing services was without merit and Breckle failed to give employer a notice of a need for such services.

Breckle then sought review by the Commission. The Commission adopted the decision of the ALJ. Breckle appeals to this Court claiming that the Commission erred in its award which adopted the ALJ's decision. He argues that the services performed by his wife are greater than those ordinarily provided by a spouse, and that the Commission should have awarded him compensation for past and future nursing services. We review the record in the light most favorable to the Commission's award. *Jerome v. Farmers Produce Exchange*, 797 S.W.2d 565, 566 (Mo. App. W.D.1990). On appeal, we may modify, reverse, or remand when: (1) the commission exceeded its powers; (2) the award was fraudulent; (3) the facts do not support the award; or (4) there was not competent evidence in the record to give rise to the award. Section 287.495.1 RSMo (1994). "We will disturb [the award] only if it is clearly contrary to the overwhelming evidence." *Jerome*, 797 S.W.2d at 567. Based upon the Commission's findings of fact, we believe that the facts do not support the award in that the services provided to Breckle went beyond those usually practiced by an attentive spouse.

The Commission's findings of fact included the testimony of Breckle, designated a credible witness, who testified that before and after his surgery for the 1989 injury, a nurse sent by Hawk's Nest's workers' compensation insurance company came to his home, accompanied him to doctors' appointments and participated in decisions regarding his care. Breckle informed this woman that his wife was a nurse and that his wife was providing nursing services to him. The company nurse informed him that he would require nursing care after his surgery but since his wife was a nurse, she would be capable of doing all of the required nursing.

Breckle's wife testified and the Commission also denominated her as a credible witness. Mrs. Breckle is a registered nurse. She stated that prior to the 1989 injury, Breckle did not have difficulty getting around and that he was able to care for all of his personal needs. However, now she provides all of his care. Breckle requires constant observation and supervision. He requires assistance in having meals brought to him, getting dressed, and bathing. He is unable to walk without the assistance of a cane and he can hardly lift his left arm. Breckle has difficulty sitting for long periods of time and is unable to stand for half a day.

Additionally, Breckle cannot be left alone because he experiences episodes of pain in his back and then his legs go numb which leads to his inability to remain standing. He falls two or three times monthly. On three occasions, Breckle's falls were so severe that he had to go to the hospital; Breckle has become unconscious after falling. Twice Mrs. Breckle was unable to transport her husband to the hospital after he fell and required ambulance assistance. These falls resulted in additional shoulder and knee injuries to Breckle. Due to the possibility of falling, Breckle is not alone often. If Mrs. Breckle is not able to be at home with her husband, one of their children assists him.

Mary Pecoraro (Pecoraro), a registered nurse, also testified regarding Breckle's condition. Pecoraro is qualified as a field expert in the nursing profession to determine the reasonable and necessary nursing care the claimant needs. She stated that Breckle is in need of continual nursing care due to the nature of Breckle's unpredictable falling. Due to the constant pain Breckle experiences, he is unable to remain in one position for a prolonged period of time. He constantly moves, even during the night, which increases the opportunity for him to fall.

The Commission also heard testimony from several doctors, none of which were specified as credible or not credible witnesses. One, upon review of Breckle's written medical records, suggested that if nursing services were needed they would have been ordered. However, the Commission noted that after Breckle's laminectomy, the therapy reports indicated that he needed assistance at home. A second doctor had no recommendation regarding nursing services; while a third doctor stated that Breckle

would derive benefits from home nursing care.

Based upon all of the evidence before it, the Commission denied Breckle's claim for past and future nursing services. The Commission also found that Breckle did not demand nursing care and that the employer, therefore, had not refused, failed or neglected to provide those services. Additionally, the Commission believed that Mrs. Breckle's services were not above and beyond the services ordinarily performed by a spouse for the other spouse.

■ We address claimant's failure to notify his employer of his need for home nursing care. We recognize that an award for past nursing services is allowable only when the employer had notice of the employee's need for care, or the employee demanded nursing care and the employer refused, failed or neglected to provide the treatment. *Fitzgerald v. Meyer*, 820 S.W.2d 633, 635 (Mo. App. E.D.1991). While Breckle did not specifically request nursing services from Hawk's Nest, it is implicit from the following uncontested facts that Hawk's Nest had notice of claimant's need for home nursing assistance. Breckle was provided with a nurse, Ms. Mudd, from the employer's worker's compensation insurance company. Ms. Mudd accompanied Breckle to his numerous doctors' appointments and participated in his health decisions. Additionally, she informed claimant that he needed ongoing nursing care. From the aforementioned facts we can reasonably infer Hawk's Nest had notice of Breckle's need for nursing services. The need of future nursing services is supported by an implicit request. The competent evidence supports such a finding.

Further, Missouri case law supports compensating Breckle's wife for her nursing services regardless of her qualifications in the medical field. In *Fitzgerald*, the employee/claimant's wife provided services that were both duties of a spouse and a nurse. The wife's aid included helping her husband dress, bathe, soak his foot, and leg massages. She helped him at night by rubbing his cramped leg, getting Tylenol pills and assisting in the bathroom. *Id.* In *Stephens v. Crane Trucking, Incorporated*, 446 S.W.2d

772 (Mo.1969), the claimant was rendered totally and permanently disabled from an accident incurred during the course of his employment and he sought compensation for the nursing services provided by his wife. The claimant's wife helped her husband ambulate, bathe, go to the bathroom, and massage his shoulders. These services were found to be compensable. Following a nine-foot fall to a concrete floor, the claimant in *Groce v. Pyle*, 315 S.W.2d 482 (Mo.App. K.C.Dist.1958) was permanently partially disabled. The claimant could not walk well, suffered periods of extreme pain and numbness and blackouts. The court held that his wife rendered all of his nursing care and should be compensated for her services which were above and beyond the care ordinarily provided to a spouse. In each of these cases, the wives were not health care professionals. However, they were compensated for required nursing care. The courts concluded that their duties were greater than those a spouse would ordinarily be expected to perform during marriage.

Comparatively, Mrs. Breckle's services to her husband also went beyond the ordinary duties of a spouse. She should not be precluded from receiving compensation solely because she works within the health care industry; remuneration is based upon services which are in excess of normal spousal duties. In *Jerome v. Farmers Produce Exchange*, 797 S.W.2d 565 (Mo.App. W.D.1990), prior to her husband's injury, the claimant's wife worked in the health care industry for approximately nine years. She provided for her husband's nursing care which included, but was not limited to, helping him bathe, cleaning up after periods of incontinence, massaging his legs, picking him up after he fell, and inspecting his urine for signs of infection. The opinion held that the claimant's wife was entitled to be compensated for her nursing services.

Accordingly, we reverse and remand this matter to the Commission in order to determine the amount of reasonable compensation for Mrs. Breckle's past and future nursing services for which Breckle may be compensated. Her services went beyond those ordi-

narily provided by a spouse and require compensation. If the record is inadequate, then the Commission should require further evidence and make an award requiring employer-insurer to furnish necessary home nursing care or, in the alternative, compensate employee only for wife's nursing services. Section 287.495 RSMo 1986. *Fitzgerald* at 637.

Reversed and remanded.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, CONCUR.