**Randall BRECKLE, Appellant,**

v.

**HAWK'S NEST, INC., Respondent.**

**No. ED 77634.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2001.

Application to Transfer Denied
April 24, 2001.

Harry J. Nichols, Erwin S. (Chip) Barbre, Jr., Law Office of Harry Nichols, St. Louis, for appellant.

William J. Glaser, Kortenhof & Ely, P.C., St. Louis, for respondents.

RICHARD B. TEITELMAN, Judge.

Appellant Randall Breckle appeals from an award entered by the Labor and Industrial Relations Commission after this Court reversed and remanded the Commission's previous award in his workers' compensation case. Appellant argues that the Commission failed to follow this Court's mandate in making its determination. We agree. Reversed and remanded.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a claim for workers' compensation against his employer, Hawk's Nest, Inc., and the Treasurer of the State of Missouri as Custodian of the Second Injury Fund, alleging injuries sustained in a work-related accident. After a Final Hearing, the Administrative Law Judge found Hawk's Nest liable for permanent partial disability of 40% of the body as a whole, 15% of the left upper extremity, and 10% of the right upper extremity. The ALJ found the Second Injury Fund liable for Permanent Total Disability. The ALJ denied compensation for past medical care, but did allow for compensation for future medical care necessary to cure and relieve Appellant from the effects of the work injury.

Appellant appealed to this Court regarding the denial of compensation for past and future nursing care. On appeal, the Court held that the facts did not support the Commission's award. The Court noted the testimony of Appellant's wife that she was providing all of his care, that he required constant observation and supervision, that he required assistance in having meals brought to him, getting dressed and bathing, and that due to the possibility of falling, he was not often alone and that if she was not home with Appellant, one of their children assisted him. The Court found that Appellant's wife's services to him went beyond the ordinary duties of a spouse. The Court reversed the Commission's award regarding the issue of compensation for past and future nursing care services provided by Appellant's wife and remanded the matter to the Commissions with directions to determine a reasonable amount of compensation for the services.

The Court further instructed that if the record was inadequate, the Commission should require further evidence and make an award requiring Hawk's Nest to furnish necessary home nursing care, or, in the alternative, to compensate Appellant for his wife's nursing services. *See Breckle v. Hawk's Nest, Inc.,* 980 S.W.2d 192 (Mo. App. E.D.1998).

On remand, the Commission entered an order finding Hawk's Nest liable to furnish Appellant necessary future home nursing care or, in the alternative, compensate him only for his wife's nursing services at the rate established by Appellant's evidence of $5.67 per hour. The Commission further entered an order finding Hawk's Nest liable for past nursing services, and noted that Appellant's wife was not with Appellant 24–hours a day at home. Thus, the Commission found that the record was inadequate to determine the number of hours that Appellant's wife provided nursing services in excess of normal spousal duties. Accordingly, the Commission remanded the matter to the Division of Workers' Compensation to conduct an evidentiary hearing regarding the number of hours that Appellant's wife provided services to Appellant in excess of normal spousal duties during each relevant period and the proper rate of compensation. The Division was instructed to forward the transcript of the evidentiary hearing to the Commission for review and further order.

The Division subsequently conducted a hearing on September 21, 1999, at which Appellant entered into evidence a deposition of his testimony. Also entered into evidence were depositions containing opinion testimony from two registered nurses.

The Commission then entered its order dated February 10, 2000, in which it noted its previous order finding Hawk's Nest liable to provide future nursing services by either furnishing Appellant necessary home nursing care, or in the alternative, compensating him for his wife's nursing services at the rate established by Appellant's evidence.

The Commission ordered Hawk's Nest to pay compensation for past nursing services from April 1, 1989 through October 31, 1997, for four hours per day of care, in an amount totaling $61,467.92. It did not award compensation for nursing services from November 1, 1997, through the date of the September 21, 1999 hearing, however, because it found that he and his wife had separated during that period and she no longer provided nursing services to him.

### DISCUSSION

We may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, procured by fraud, unsupported by the facts as found by the Commission, or unsupported by competent evidence in the whole record. *Mann v. Varney Construction,* 23 S.W.3d 231, 232 (Mo.App. E.D.2000). The right to benefits is to be liberally interpreted, and any doubt as to the right of an employee to compensation must be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983).

In his first point, Appellant contends the Commission erred and failed to follow the mandate of this Court on remand when it found Appellant entitled to compensation for only 4 hours of nursing care per day, rather than 24 hours, after this Court specifically ruled in its prior opinion that Appellant needs constant observation and supervision. Appellant argues that the Commission was directed to determine the reasonable amount of compensation to be paid Appellant for full-time nursing services, not the amount of care Appellant required.

The opinion in Appellant's first appeal was replete with references indicating that this Court conclusively determined that Appellant was in need of, and was entitled to, *constant* (that is, 24–hour–per day) in-home nursing services. See *Breckle v. Hawk's Nest, Inc.,* 980 S.W.2d 192, 193 (Mo.App. E.D.1998). We determined in *Breckle* that Appellant had required this level of nursing care since the date of injury, and would require such constant care for the indefinite future. Further, the opinion of this Court stated:

> [W]e reverse and remand this matter to the Commission in order to determine the amount of reasonable compensation for Mrs. Breckle's past and future nursing services for which [Appellant] may be compensated. Her services went beyond those ordinarily provided by a spouse and require compensation. If the record is inadequate, then the Commission should require further evidence and make an award requiring employee-insurer to furnish necessary home nursing care or, in the alternative, compensate [Appellant] only for wife's nursing services.

*Breckle,* 980 S.W.2d at 194–195.

Thus, properly construed, the mandate of our prior opinion in *Breckle* required that Appellant be compensated for all past and future in-home nursing services since the date of his injury on a *constant* (that is, 24–hour–per day) basis.[1] This compensation is due to Appellant, and is for his benefit and use in securing needed home nursing care, whether such care comes from his wife or some other source. For the same reason our mandate in the prior opinion necessarily limited the Commission, upon remand, solely to the issue of determining the appropriate *hourly rate* of compensation for such nursing services. The directive of this Court did not allow the Commission to inquire, upon remand, into the issue of how many hours of nursing care Appellant's spouse had provided him in the past.

Accordingly, the Commission exceeded its authority upon remand in revisiting the issue of whether or not Appellant required or had received constant care, as this Court had already determined that he required constant care and supervision and was entitled to compensation on that basis. Upon remand, a trial court or administrative tribunal is bound to enter judgment in conformity with the appellate court's mandate. *West Lake Quarry and Material Company v. City of Bridgeton,* 776 S.W.2d 904, 905 (Mo.App. E.D.1989). Its proceedings contrary to the mandate are null and void. *Id.* A decision by this Court "is law of the case on all points raised and decided and our decision continues to govern throughout all subsequent proceedings both in the trial and appellate courts." *Southwestern Bell Telephone Co. v. Buie,* 758 S.W.2d 157, 161 (Mo.App. E.D.1988). Point I is granted.

In his second point, Appellant argues that the Commission exceeded its authority and acted outside the scope of this Court's prior mandate when it failed to award him any compensation at all for nursing services for the period of November 1, 1997 through September 21, 1999, the date of the remand evidentiary hearing. This decision was based on the Commission's finding, from evidence introduced

---

1. We acknowledge that the language of our earlier opinion in *Breckle* might be seen as ambiguous in one respect, in that in part it seemed to focus on whether and to what extent the past nursing services provided by Breckle's spouse went beyond normal spousal duties. We conclude, however, that when viewed as a whole and in context, the opinion indicated that all of his wife's nursing services exceeded normal spousal duties, and that Breckle was entitled to compensation for full-time in-home nursing care.

at the remand hearing, that Appellant and his wife had separated on or about November 1, 1997, and that she no longer provided services to him after that time.

Again, the Commission's decision misapprehends and fails to follow our prior mandate in *Breckle*, which held that Appellant was entitled to past and future compensation for *constant* (round-the-clock) home nursing care, whether such care is provided by his spouse or some other caregiver. It does not matter who provides the care; we have held that Appellant is entitled to the care, and to the necessary money to pay for it, regardless. Accordingly, the Commission erred in denying Appellant compensation for nursing services during the period of November 1, 1997 through September 21, 1999, as Appellant was entitled to compensation for the entire period on the basis of 24 hours per day, 7 days per week, 52 weeks per year. Point II is granted.

For the foregoing reasons, the Commission's award is reversed. We remand this matter to the Commission with instructions to enter a new award, which award shall be based on the assumption that all past and future in-home nursing services provided to Appellant, during all relevant time periods, are compensable and to be calculated on the basis of constant need—that is, 24 hours per day, 7 days per week, 52 weeks per year. Upon remand, the Commission shall be limited to making a finding as to the appropriate hourly rate of compensation for all such past and future nursing services. If the record is inadequate, the Commission may require further evidence solely on that issue.

ROBERT G. DOWD, P.J., and MARY RHODES RUSSELL, J., concur.