David UHLIR, Respondent,

v.

Nancy FARMER, Treasurer of the State of Missouri, Appellant.

No. ED 81101.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 21, 2003.

James Francis McCartney, Gabriel & McCartney Law Firm, St. Louis, MO, for appellant.

Lars Hagen, Attorney for the Second Injury Fund, St. Louis, MO, for respondent.

SHERRI B. SULLIVAN, Judge.

### Introduction

Nancy Farmer, Treasurer of the State of Missouri (Appellant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) affirming an Award entered by the Administrative Law Judge (ALJ) granting David Uhlir's (Respondent) claim for compensation from Missouri's Second Injury Fund. Respondent cross-appeals from the decision, seeking a modification in the amount of the Award. We affirm.

### Factual and Procedural Background

Respondent sustained two separate work-related injuries to his back, one on May 22, 1995 and one on January 28, 1998. In 1995, Respondent herniated a disc between the L4 and L5 vertebrae of his lower back. Dr. David Kennedy (Dr. Kennedy) performed surgery on Respondent, namely an L4–5 microdiscectomy secondary to a herniated disc. Respondent's postoperative diagnosis was sciatica secondary to herniated nucleau pulposus, L4–5 right.

In 1998, Respondent again injured his back. Dr. Kennedy again performed surgery on Respondent, namely a lumbar facetectomy with removal of recurrent disc herniation and screw fixation and fusion with left iliac crest bone graft in the L4–5 area. Respondent's postoperative diagnosis was recurrent herniated nucleus pulposus, L4–5 with radiculopathy. In 1998, Respondent also experienced a recurrent herniation of the same disc level involved in his 1995 injury.

On April 26, 2001, a hearing was held at the Division of Workers' Compensation to determine the nature and extent of Second Injury Fund liability for the combination of Respondent's 1995 and 1998 back injuries. Dr. Thomas Musich (Dr. Musich), one of Respondent's treating physicians, testified that the combination of Respondent's back disabilities was significantly greater than their simple sum,[1] and that Respondent's overall permanent partial disability exceeded 73 percent.

The ALJ concluded that there was substantial evidence to establish that although Respondent's injuries were to the same part of his back, they combined to produce a synergistic effect of greater overall disability than the simple sum of those disabilities. The ALJ found the simple sum to be 55%, and Respondent's overall disability to be 65%. She determined that Respondent's 1998 injury did not merely supplement the 1995 injury as was the case in *Searcy v. McDonnell Douglas Aircraft, Co.*, 894 S.W.2d 173 (Mo.App.1995). Based on the foregoing, the ALJ determined that there was substantial evidence to establish Second Injury Fund liability, and that the Second Injury Fund was liable for the 10% difference between the simple sum and Respondent's overall disability.

On March 22, 2002, a majority of the Commission upheld the ALJ's decision, issuing a Final Award Allowing Compensation from the Second Injury Fund. Appellant appeals from this decision, presenting two points on appeal. Respondent cross-appeals.

### Standard of Review

When a workers' compensation claim is appealed, we review only questions of law. *Wiele v. Nat'l Super Markets, Inc.*, 948 S.W.2d 142, 145 (Mo.App. E.D.

---

1. Dr. Musich said that this was due to new and more extensive required surgical procedures, along with new and additional physical complaints and significantly altered physical examination between Respondent's two evaluations in 1996 and 1999.

1997). We can modify, reverse, remand for rehearing, or set aside awards based on factual determinations only on the grounds prescribed by statute. *Id.* We review decisions of the Commission that are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *Id.* Findings of ultimate facts reached through application of rules of law, rather than by natural reasoning based on facts alone, are conclusions of law. *Id.* Where the evidentiary facts are not disputed, the Commission's award becomes a question of law. *Id.*

 Where decisions are based on determinations of fact, we review the whole record in the light most favorable to the decision. *Id.* We defer to the Commission when it resolves issues concerning credibility and weight to be given to conflicting evidence. *Id.* In the absence of fraud, the factual findings made by the Commission within its powers are conclusive and binding. *Id.*

 When the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Id.*

### Point I

In her first point, Appellant argues that the Commission erred in awarding Second Injury Fund compensation to Respondent for his 1998 back injury because the Commission's judgment did not properly apply Section 287.220 [2] in that Respondent's overall disability stems from disabilities, the first of which occurred in 1995, to the same part of his body, the lower back, and thus the Second Injury Fund has no liability in such circumstances.

### Discussion

 For Second Injury Fund liability, a preexisting disability must combine

with a disability from a subsequent injury in one of two ways: (1) the two disabilities combined result in a greater overall disability than that which would have resulted from the new injury alone and of itself; or (2) the preexisting disability combined with the disability from the subsequent injury to create permanent total disability. *Reese v. Gary & Roger Link, Inc.,* 5 S.W.3d 522, 526 (Mo.App. E.D.1999), citing *Searcy,* 894 S.W.2d at 177–78. In the instant case, the Commission found the former. Appellant argues, however, that *Searcy* does not allow recovery from the Second Injury Fund when the injuries are to the same part of the body.

In *Searcy,* we stated that, *as a general rule,* where the first and second injuries are to the same part of the body, the second supplements the first rather than combining to create a greater disability than the sum of the two. 894 S.W.2d at 178. However, no such limitation is present within the text of Section 287.220 itself. Section 287.220 provides that when a worker's preexistent injury, in combination with the primary work injury;

> is substantially greater than that which would have resulted from the last injury, considered alone and of itself, ... the degree or percentage of disability which existed prior to the last injury plus the disability resulting from the last injury, if any, considered alone, shall be deducted from the combined disability, and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund....

No same body part limitation is present within the statute.

Furthermore, the ALJ, in her Award that was adopted by the Commission, specifically points out that:

---

**2.** All statutory references are to RSMo (2000), unless otherwise indicated.

There is substantial evidence that although Claimant's injuries were to the same part of his back, they combined to produce a synergistic effect of greater overall disability than the simple sum of those disabilities and that the 1998 did not merely supplement the 1995 Injury as was the case in *Searcy v. McDonnell Douglas Aircraft, Co.*, 894 S.W.2d 173 (Mo.App.1995).

Accordingly, the injury in *Searcy* has been carefully distinguished from that involved in the instant case. The injury in *Searcy* did not qualify for Second Injury Fund coverage because there was no synergistic effect of greater overall disability, which is a requirement under Section 287.220. Rather, the two injuries present in *Searcy* were merely cumulative. In the instant case, Respondent's two injuries combined to produce a synergistic effect of greater overall disability pursuant to Section 287.220, despite the fact that the two injuries were to the same part of his body. *Searcy's* pronouncement of a general rule based on the factual scenario before it, which is different than the factual scenario before us now, does not disqualify Respondent from Second Injury Fund coverage under Section 287.220.

Based on the foregoing, Point I is denied.

## Point II

In her second point, Appellant maintains that the Commission erred in awarding Second Injury Fund compensation to Respondent for his 1998 back injury because the Commission's judgment was not supported by substantial evidence in that the decision relied entirely on a belated and vague opinion of Respondent's medical expert that altered the expert's own, original conclusion; conflicted with the opinion of Respondent's treating physician and lacked adequate scientific basis; or the evidence in support of the judgment was so weak that it was overwhelmed by more reliable expert opinions requiring a finding of no Second Injury Fund liability.

## Discussion

 Respondent presented Dr. Musich's 2001 medical evaluation of Respondent's injuries at the April 26, 2001 hearing. Two other expert opinions were also admitted at the hearing; the March and July, 1999 opinions of Dr. Kennedy and Dr. Musich, respectively. Appellant contends that neither of these two latter opinions supported Second Injury Fund liability. Appellant claims that in fact, these two opinions contradict Dr. Musich's 2001 evaluation.

 In workers' compensation cases, the Commission is the ultimate trier of fact. *Sanderson v. Porta–Fab Corp.*, 989 S.W.2d 599, 601 (Mo.App. E.D.1999). Questions regarding medical causation of an injury are issues of fact for the Commission, as are questions regarding medical treatment. *Id.* The Commission is the sole judge of the weight of the evidence and credibility of the witnesses. *Id.* It is in the Commission's sole discretion to determine the weight to be given expert opinions and that cannot be reviewed by this court. *Conley v. Treasurer of Missouri*, 999 S.W.2d 269, 271 (Mo.App. E.D.1999). *See also Bock v. Broadway Ford Truck Sales, Inc.*, 55 S.W.3d 427, 438 (Mo.App. E.D.2001).

The ALJ determined that there was substantial medical evidence to find liability against the Second Injury Fund. The Commission upheld the ALJ's assessment of the medical evidence. We cannot reweigh, as Appellant asks us to, the weight to be given to the medical opinions presented to the Commission. *Conley*, 999 S.W.2d at 271; *Bock*, 55 S.W.3d at 438. Accordingly, Point II is denied.

*Cross–Appeal*

Respondent cross-appeals from the decision, seeking a modification in the amount of the Award. Respondent's cross-appeal is denied.

*Conclusion*

The decision of the Commission is affirmed.

WILLIAM H. CRANDALL, JR., P.J., and GLENN A. NORTON, J., concur.