Stanley **ROBERTS**, Respondent/Cross–
Appellant,

v.

**CITY OF ST. LOUIS**, Appellant/Cross–
Respondent,

and

**Treasurer of the State of Missouri as
Custodian of the Second Injury
Fund**, Respondent.

No. ED 90150.

Missouri Court of Appeals,
Eastern District,
Division One.

June 3, 2008.

Robert T. Hart, St. Louis, MO, for Respondent/Cross–Appellant.

John Mark Kell, St. Charles, MO, Kristin M. Frazier, Office of the Attorney General, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

The City of St. Louis ("Employer") appeals from the final award of the Labor and Industrial Relations Commission ("the Commission") determining there was a settlement agreement, approving such settlement agreement, and ordering Employer to pay Stanley Roberts ("Employee") $200,000 and to establish and fund a Medicare Set Aside Trust ("the Trust") according to the terms of the settlement agreement. Employer makes several ar-

guments regarding the existence, terms, and enforceability of the settlement agreement approved by the Commission. Employee cross-appeals, claiming if the Commission's decision that the parties entered into a settlement agreement is not affirmed, the Commission erred in not addressing the award of the Administrative Law Judge ("ALJ") and in not determining the existence of and responsibility for permanent total disability. We reverse and remand.

In October of 2002, Employee was involved in a motor vehicle accident in the course of his employment and subsequently made a claim for workers' compensation as a result of injuries sustained in the accident.

On April 25, 2006, the parties tried this matter before an ALJ. Shortly after trial, the parties were engaged in settlement negotiations. The potential terms of the parties' alleged settlement agreement included a $200,000 lump sum payment and the set up and funding of the Trust.[1] The parties did not reduce the purported agreement to writing because they needed to determine the amount necessary to fund the Trust. Both of the parties as well as a representative from the Second Injury Fund went before the ALJ and informed him that they "had an agreement," but additional time was needed to determine the funding requirement for the Trust.[2] The ALJ agreed to temporarily delay ruling on the claim.

On August 2, 2006, without notice to the parties, the ALJ issued findings of fact and rulings of law. The ALJ found Employee was not permanently and totally disabled as a result of the primary work injury in October of 2002. However, the ALJ concluded he had sustained thirty-three percent permanent partial disability referable to the low back and twenty percent permanent partial disability referable to the left knee. Further, as a result of the combination of the primary injuries and the pre-existing permanent partial disability, Employee was found to have increased overall disability of forty-five percent of the body as a whole, which resulted in Second Injury Fund liability.

Employee filed an application for review of this award to the Commission, contending he had entered into an oral agreement with Employer before the issuance of the ALJ's award and the oral agreement should be enforced. Employee maintained the parties had agreed Employer would pay Employee a lump sum of $200,000 and would set up and fund the Trust for Employee's future medical needs. Employee stated further the parties were determining the amount needed to fund the Trust, and had requested that the ALJ refrain from issuing an award until the Trust had been established. Thus, Employee sought a hearing regarding the purported oral agreement as an initial matter. Employee also made arguments concerning the merits of the ALJ's findings and rulings in case the oral agreement was deemed unenforceable.

The Commission ordered a remand hearing regarding the allegations in Employee's application for review pertaining to the alleged oral agreement.

---

1. A Medicare Set Aside Trust is a trust created to hold the amount Medicare would reasonably be expected to expend for the employee in question, over his or her lifetime, for the injury at issue.

2. It should be noted that at this time the parties did not submit their purported settlement agreement to the ALJ for approval according to Section 287.390, which provides no settlement or compromise of any dispute or claim for compensation shall be valid until approved by an ALJ or the Commission.

While Employee's motion to enforce the purported settlement agreement and his application for review were pending, he filed an application for review on grounds of change of condition pursuant to Section 287.470. Employee argued that since the ALJ's award, his condition referable to his lower back had become substantially worse necessitating medical treatment not contemplated at the time of the ALJ's award. Employer filed a reply to Employee's motion regarding his alleged change of condition requesting that Employee's motion be dismissed. In Employer's reply, it noted "[n]o agreement on funding the Medicare Trust (the amount of which is unknown) was ever reached."

After the remand hearing, the Commission issued its final award and found the parties had entered into a settlement agreement. The Commission further approved the settlement agreement and modified the ALJ's award against the Employer according to its terms. Thus, the Commission ordered Employer to pay Employee a lump sum of $200,000 and to fund the Trust in an amount approved by Medicare. The Commission also affirmed the ALJ's award of $5,441.92 from the Second Injury Fund to Employee.[3] Employee's motion for change of condition was denied by the Commission because it found Employee settled his claim against Employer. This appeal follows.

■ In reviewing a decision of the Commission, we examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, that is, whether the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). To determine whether the award is supported by competent and sub-stantial evidence, we examine the evidence in the context of the whole record. *Id.* at 223. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence. *Id.* The Commission is responsible for determining the credibility of witnesses and the acceptance or rejection of testimony cannot be disturbed on review unless it is against the overwhelming weight of the evidence. *Townser v. First Data Corp.*, 215 S.W.3d 237, 242 (Mo.App. E.D.2007). In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ. *Townser*, 215 S.W.3d at 241. Where issues involve matters of law, we review *de novo*. *Knisley v. Charleswood Corp.*, 211 S.W.3d 629, 633 (Mo.App. E.D.2007).

■ In Employer's first point, it argues the Commission erred in that it did not properly weigh the evidence in concluding Employer agreed to fund the Trust in addition to paying a lump sum settlement in the amount of $200,000. Employer argues there is not competent and substantial evidence to support the finding that Employer agreed to fund the Trust. We agree.

■ A compromise settlement is a contract. *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 303 (Mo. banc 2007). In order for a compromise settlement to be legally valid, it must possess the essential elements of any other contract. *Id.* A party requesting specific performance of the agreement has the burden of proving the claim by clear, convincing, and satisfactory evidence. *Id.* Because a settlement agreement is a species of contract and, therefore, subject to contract law, a meeting of the minds is required. *B–Mall Co. v. Wil-*

---

**3.** The Second Injury Fund is not participating in this appeal.

*liamson,* 977 S.W.2d 74, 77 (Mo.App. W.D. 1998).

At the remand hearing on whether there was an oral settlement agreement, Employee's counsel testified Employer made an offer of settlement of $200,000. In response Employee's counsel asked for $225,000 and Employer's counsel told him "he had no more money." Employee's counsel spoke to Employee and then accepted the $200,000 settlement offer and asked Employer's counsel if he would set up a Trust because Employee was on social security disability. Employer's counsel agreed to contact Medicare to determine the amount required to fund the Trust, but asked that they refrain from entering it into a stipulation until they "knew the exact numbers." The parties then told the ALJ they had an agreement, but "they were waiting on the numbers on Medicare to the [T]rust, if there was anything that had to be set aside." Thus, they asked the ALJ not to make a ruling on the file.

Subsequently, Employee had to be examined by a doctor to determine whether he was going to need medical care related to this injury in the future. Employee was examined by a doctor, but before Medicare provided the parties with a final amount for the Trust, the ALJ ruled on the case.

Employer's attorney also testified the parties had settled the case for $200,000 with the only condition being "the resolution of the Medicare trust problem." Employer's attorney arranged for Employee to have a medical examination. After this examination, Medicare determined the amount needed to fund the Trust was $44,000. After hearing this number, Employer believed Medicare had misunderstood the doctor's report from the medical examination so Employer obtained a clarification and sent it to Medicare for reconsideration.

The Commission noted Employer's conduct in setting up the Trust demonstrated "more than a passing interest in the funding requirement." It has been held that the furnishing of medical treatment does not constitute an admission that the condition for which treatment was provided resulted from a compensable accident, and is not inconsistent with a later denial of worker's compensation liability. *Trammell v. S & K Industries, Inc.,* 784 S.W.2d 209, 212 (Mo.App. W.D.1989). Analogously, the mere fact that the record contains evidence that Employer agreed to "set up" the Trust and arranged for Employee to be examined by its doctor does not constitute an admission by Employer that it had agreed to fund the Trust. While Employer did attempt to correct Medicare's initial figure of $44,000, this is only evidence that Employer was attempting to correctly set up the Trust; it does not necessarily constitute an admission that Employer was liable to fund the Trust. Moreover, Employer noted at oral argument that customarily employers or insurance companies always deal with Medicare with respect to setting up these types of trusts.

Further, the Commission's decision stated that "[h]aving determined there was a settlement agreement, [the Commission] must now find the terms of the agreement." This analysis is flawed because it began from the conclusion that there was a settlement and then attempted to determine where the parties had a meeting of the minds with respect to the terms. There can be no settlement agreement without a meeting of the minds. *B–Mall Co. v. Williamson,* 977 S.W.2d at 77. Had the Commission conducted its analysis properly, it would have determined the terms of the alleged settlement agreement and then it would have determined whether the parties had a meeting of the minds

with respect to those terms, and only then could it determine a settlement had been reached. The key to the dispute in this case is that Employee asserts the terms of the purported settlement were that Employer would pay Employee $200,000 *in addition to* setting up and funding the Trust. On the other hand, Employer asserts the terms of the purported settlement were that Employer would pay Employee $200,000, which was *to include* the amount necessary to set up and fund the Trust. Employer's assertion is buttressed by the testimony of Employee's attorney at the remand hearing that he asked Employer's attorney for $225,000 and Employer's attorney told him he had no more than $200,000 to settle the entire claim. We find Employee has failed to offer clear, convincing, and satisfactory evidence that the parties had agreed on the terms of the purported settlement agreement.

Therefore, we find the Commission's decision that a settlement had been reached was not supported by competent and substantial evidence demonstrating there had been a meeting of the minds of the parties regarding the specific terms of the settlement. The Commission's decision was contrary to the overwhelming weight of the evidence, and it follows that the Commission erred in concluding Employer agreed to fund the Trust as part of the purported settlement agreement. Point granted.

Because we find the Commission erred in determining there was a settlement agreement, we need not address Employer's remaining points concerning the alleged settlement agreement.

 In Employee's cross-appeal, he argues the Commission erred by failing to address the merits of the ALJ's award in its judgment because if the Commission's decision that the parties reached a settlement agreement is reversed, the ALJ's decision finding Employee was not permanently and totally disabled will be final and without a ruling on the ALJ's award, there will be nothing for us to review. We agree.

The ALJ found Employee was not permanently and totally disabled as a result of the primary work injury in October of 2002. Employee sought review of the ALJ's award because of the purported settlement, but Employee also raised issues concerning the merits of the ALJ's finding as to permanent and total disability in its application for review. The Commission reviewed the questions pertaining to the existence of a settlement, but did not address the ALJ's findings as to permanent and total disability.

As a result, after finding the parties did not enter into a settlement agreement, we are left with the ALJ's decision on the merits of Employee's claim for permanent and total disability. Because we review the decision of the Commission, not that of the ALJ, we are left with nothing to review. *Townser*, 215 S.W.3d at 241.

Thus, the Commission erred by failing to address the merits of the ALJ's award in its award. We remand this case to the Commission so that it can review the merits of the ALJ's award on Employee's claim for permanent and total disability. Point granted.

The award of the Commission is reversed and remanded.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.