Stanley ROBERTS, Respondent,

v.

CITY OF ST. LOUIS, Appellant,

and

Treasurer of the State of Missouri as Custodian for the Second Injury Fund, Respondent.

No. ED 92438.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 1, 2009.

Robert T. Hart, St. Louis, MO, for Appellant, City of St. Louis.

J. Mark Kell, Lampin, Kell, Fagras, Linson, Custer & Buehler, St. Peters, MO, for Respondent Stanley Roberts.

Kristen Marie Frazier, Assistant Attorney General, St. Louis, MO, for Respondent Treasurer of the State of Missouri as Custodian of the Second Injury Fund.

KURT S. ODENWALD, Presiding Judge.

## Introduction

The City of St. Louis (Employer) appeals from the decision of the Labor and Industrial Relations Commission (the Commission) awarding permanent and total disability workers' compensation benefits to employee Stanley Roberts (Claimant). We affirm.

## Background .

Claimant, an employee with Employer, was involved in a workplace accident in October 2002. Claimant subsequently filed a claim for workers' compensation benefits against Employer as a result of the injuries from that accident. Claimant also sought relief from the Second Injury Fund, claiming additional disability resulting from the combination of the workplace injury disability and preexisting disabilities. A hearing was held before a Division of Workers' Compensation Administrative Law Judge (ALJ) on April 25, 2006. After the hearing the parties engaged in settlement negotiations. As a result of the settlement discussions, Employer and Claimant, along with the Second Injury Fund, informally appeared before the ALJ indicating a settlement had been reached, but stating that additional time was necessary to determine issues relating to the Medicare Set Aside Trust.[1] The ALJ agreed to temporarily delay his ruling on the claim in light of the settlement agreement.

1. "A Medicare Set Aside Trust is a trust created to hold the amount Medicare would reasonably be expected to expend for the employee in question, over his or her lifetime, for the injury at issue." *Roberts v. St. Louis*, 254 S.W.3d 280, 282 n. 1 (Mo.App. E.D.2008).

Without prior notice to the parties, the ALJ issued an award on August 2, 2006. In the award the ALJ found Employer liable to Claimant for $55,779.68, representing a 33% permanent partial disability of the low back and a 20% permanent partial disability of the left knee. The ALJ further found the Second Injury Fund liable for $5,441.92, reflecting an increased overall disability of 45% of the body as a whole attributable to the combination of Claimant's workplace injuries and his preexisting disabilities. Claimant was not awarded any benefits or funds for future medical treatment.

Claimant filed an Application for Review with the Commission on August 17, 2006. In his application Claimant alleged several points of error in the ALJ's award. Claimant asserted that after the hearing was concluded, but before the ALJ issued his award, the parties agreed on the terms of the settlement, and were simply waiting on a calculation of the amount needed to fund the Medicare Set Aside Trust for Claimant's future medical needs in order to finalize the settlement. Claimant sought to have the Commission set aside the ALJ's award, and enter an order enforcing the oral settlement agreement. Claimant also alleged other points of error with regard to the ALJ's findings, including the ALJ's failure to find him permanently and totally disabled. On September 22, 2006, the Commission remanded the matter to the Division of Workers' Compensation for an evidentiary hearing regarding the allegations in Claimant's Application for Review pertaining to the alleged oral settlement agreement.

Following the remand hearing, the Commission issued its Final Award on July 20, 2007 (First Award), finding that Claimant and Employer had concluded a settlement before the ALJ's award was issued. The Commission found that, under the agreed terms of settlement, Employer was required to pay Claimant $200,000, and also fund a Medicare Set Aside Trust in an amount approved by Medicare. The Commission also affirmed and incorporated into its First Award the portion of the ALJ's award relating to Second Injury Fund liability.

Employer filed its Notice of Appeal from the Commission's First Award on August 14, 2007. Employer claimed the Commission erred in finding and enforcing a settlement between Employer and Claimant, and in not affirming the Award of the ALJ. Claimant filed his cross appeal on August 17, 2007, wherein Claimant specifically challenged the Commission's alleged error in not addressing the existence and responsibility for permanent total disability.

This Court issued its opinion on June 3, 2008, in *Roberts v. City of St. Louis,* 254 S.W.3d 280 (Mo.App. E.D.2008). In *Roberts,* we held that the Commission's finding that a settlement had been resolved was not supported by competent and substantial evidence. We found that there was insufficient evidence of a meeting of the minds between the parties regarding the specific terms of the settlement. *Id.* at 285. In addressing Claimant's cross appeal, this Court agreed with Claimant and found that the Commission erred in failing to address the substantive merits of the ALJ's award. *Id.* This Court thus remanded the case to the Commission "so that [the Commission] can review the merits of the ALJ's award on [Claimant's] claim for permanent and total disability." *Id.* This Court issued its mandate in accordance with its opinion on June 25, 2008.

Following remand, the Commission conducted its review of the merits of the ALJ award, and issued its second Final Award on December 19, 2008 (Second Award). In the Second Award, the Commission found

that Claimant was permanently and totally disabled solely due to the October 2002 workplace injury. As a result, the Commission ordered Employer to pay Claimant weekly benefits of $566 beginning January 24, 2004. The Commission also attached and incorporated the ALJ's award "to the extent it is not inconsistent with our findings, conclusions, decision, and award."

Employer again filed a Notice of Appeal with this Court on January 13, 2009. This appeal follows.

## Points on Appeal

Both points on appeal raised by the Employer are grounded upon the same factual underpinnings that the ALJ's finding of a permanent *partial* disability that was adopted by the Commission in the First Award is contradictory to the Commission's subsequent Second Award which found a permanent *total* disability.

In its first point on appeal, Employer alleges the Commission exceeded its powers in making its Second Award. Employer claims the Commission assumed authority not granted to it by the legislature and acted contrary to statutory restrictions.

In its second point on appeal, Employer asserts the Commission erred in issuing inconsistent awards and violated the principle of law of the case. Employer argues the Commission is estopped from reaching a contradictory conclusion in the Second Award because both awards were based on the same set of facts.

## Standard of Review

This Court, on appeal, may review only questions of law and may only modify, reverse, remand for rehearing, or set aside the award of the Commission upon the following grounds and no other: 1) The Commission acted without or in excess of its powers; 2) The Commission's award was procured by fraud; 3) The facts found by the Commission do not support the Commission's award; or 4) There was not sufficient competent evidence in the record to warrant the making of the Commission's award. Section 287.495; *see also Hughey v. Chrysler Corp.*, 34 S.W.3d 845, 846 (Mo. App. E.D.2000).

## Discussion

### I. The Commission Did Not Act in Excess of its Power

■ Employer's first point is premised upon its argument that the Commission exceeded its statutory authority when it found Employer liable for Claimant's permanent and *total* disability in its Second Award after the Commission previously found the Second Injury Fund liable for Claimant's permanent *partial* disability in its First Award. Because the Second Injury Fund did not appeal the Commission's finding of a permanent partial disability, Employer contends the Commission lacked authority to subsequently enter an award based upon a permanent total disability, which is inherently contradictory to a prior finding of a partial disability. We disagree.

Employer confuses and misinterprets this Court's mandate issued in *Roberts v. City of St. Louis*, 254 S.W.3d 280 (Mo.App. E.D.2008). Employer asserts that our remand of the matter for the Commission to "review the merits of the ALJ's award on [Claimant's] claim for permanent and total disability" expressly precludes any further review of Second Injury Fund liability. Because the portion of the Commission's First Award pertaining to Second Injury Fund liability was not appealed, Employer argues this Court did not address that portion of the First Award in *Roberts*. Because this Court addressed only the Commission's First Award as it related to Employer's liability, Employer argues that

the Second Injury Fund liability was fully resolved and made final by virtue of the First Award, and that the total disability finding of the Second Award is in conflict with the partial disability determination of First Award. This conflict, Employer argues, deprives the Commission of authority to enter the Second Award, and places the Commission's actions in conflict with express statutory restrictions. Employer's argument fails to recognize the breadth of this Court's mandate which reversed the Commission's First Award in its entirety, and remanded the case with specific instructions to the Commission to address the merits of Claimant's claim for permanent and total disability.

Upon remand, an administrative tribunal is bound to enter judgment in conformity with the appellate court's mandate. *Breckle v. Hawk's Nest, Inc.*, 42 S.W.3d 789, 792 (Mo.App. E.D.2001). A mandate is not to be read and applied in a vacuum. *Ironite Prods. Co., Inc. v. Samuels*, 17 S.W.3d 566, 570 (Mo.App. E.D. 2000). The opinion is part of the mandate and must be used in interpreting the mandate. *Id.* "Accordingly, proceedings on remand should be in accordance with the mandate and the result contemplated in the appellate court's opinion." *Id.* The Commission acted consistently with our mandate in this case. We noted in *Roberts*, that,

> The ALJ found Employee was not permanently and totally disabled as a result of the primary work injury in October of 2002. Employee sought review of the ALJ's award because of the purported settlement, but Employee also raised issues concerning the merits of the ALJ's finding as to permanent and total disability in its application for review. The Commission reviewed the questions pertaining to the existence of a settlement, but did not address the ALJ's findings as to permanent and total disability.

> As a result, after finding the parties did not enter into a settlement agreement, we are left with the ALJ's decision on the merits of Employee's claim for permanent and total disability. Because we review the decision of the Commission, not that of the ALJ, we are left with nothing to review.

> Thus, the Commission erred by failing to address the merits of the ALJ's award in its award. We remand this case to the Commission so that it can review the merits of the ALJ's award on Employee's claim for permanent and total disability.

254 S.W.3d at 285 (internal citations omitted).

The mandate of this Court then expressly instructed that "the award rendered by the [Commission] in Injury No. 02–121517 be reversed and the cause remanded to the aforesaid Commission to address the merits of the ALJ's award on claimant's claim for permanent and total disability in accordance with this Court's opinion delivered on June 3, 2008." Properly construed, our mandate in *Roberts* reversed the Commission's First Award in its entirety and remanded the matter to the Commission. We directed the Commission to review Claimant's claim for *permanent and total disability*. The Commission performed the review directed by this Court, and subsequently made its Second Award. Any proceedings contrary to this mandate would have been null and void. *Breckle*, 42 S.W.3d at 792.

Our mandate did not limit the Commission's determination of disability only with regard to the liability of Employer. To the contrary, our direction to the Commission was to review the issue of Claimant's alleged permanent and total disability, which issue was properly preserved and

raised by Claimant in his Notice of Appeal. In accord with our mandate, the Commission determined that Claimant was entitled to permanent and total disability benefits. As part of its review, the Commission determined that the permanent total disability stemmed solely from the workplace accident of October 2002, thereby rendering Employer liable for the entirety of said disability. The record amply shows that the Commission reviewed Claimant's claim for permanent and total disability, and made its award consistent with its finding. Because the Commission found Employer liable for the entirety of Claimant's permanent and total disability, there was no need to further address the liability of the Second Injury Fund. Inherent in the Commission's findings and award is a determination that the Second Injury Fund had no liability for Claimant's permanent and total disability. The directive of this Court did not preclude the Commission from making this finding.

The Commission's First Award was reversed by the mandate of this Court. The mandate and reversal affected the entirety of the First Award. The Commission's entry of its Second Award was not in conflict with its First Award which no longer had any legal effect as a result of this Court's mandate.[2]

Accordingly, the Commission did not act in excess of its power or in conflict with any statutory restrictions when it issued its Second Award. To the contrary, the Commission acted consistent with this Court's mandate to consider Claimant's claim for permanent and total disability. Employer's first point is denied.

*II. The Commission Did Not Issue Inconsistent Awards.*

In its second point, Employer argues that the Commission's Second Award cannot stand because it is inconsistent with the Commission's findings in its First Award. Employer asserts "[t]he question of whether [Claimant's] disability is partial or total has been litigated and decided in the first, unappealed, Final Award of the Commission and is statutorily binding and conclusive under Section 287.495 (RSMo.)." We disagree.

We liken Employer's second point to Brahm's "Variations on a Theme of Paganini"; the same theme as the first point on appeal, only said a different way. Employer argues in its first point that the Commission exceeded its authority and acted contrary to statutes by awarding permanent and *total* disability benefits to Claimant in its Second Award when a permanent *partial* disability award had previously been entered against the Second Injury Fund. Similarly, Employer argues in its second point that the total disability finding of the Second Award cannot stand because it conflicts with the partial disability finding of the First Award. We deny Employer's second point for the same reasons stated in our denial of Employer's first point on appeal.

Employer incorrectly argues that the issue regarding the nature of Claimant's disability was decided in the First Award, and thus is binding on the Second Award. As noted above, the First Award is not binding on the Second Award because this Court reversed the Commission's First Award in *Roberts*. After reversing the Commission's First Award, this Court remanded the case to the Commission for further consideration regarding the issue of Claimant's claim for permanent and total disability, which issue had been properly preserved for appeal by Claimant. Be-

---

**2.** As defined by Black's Law Dictionary, "reversal" means "An appellate court's overturn-

ing of a lower court's decision." Black's Law Dictionary 1058 (7th ed.2000).

cause the First Award was reversed, the awards are not in conflict with each other. The Commission's Second Award is not in conflict with, nor inconsistent with, its First Award.

### Conclusion

The Commission's award is affirmed.

GEORGE W. DRAPER III, and ROY L. RICHTER, JJ., Concur.