Michael HUTSON, Claimant/Appellant,

v.

TREASURER OF MISSOURI AS CUSTODIAN OF SECOND INJURY FUND, Respondent/Respondent.

No. ED 97321.

Missouri Court of Appeals, Eastern District, Division Three.

April 17, 2012.

Evan J. Beatty, St. Louis, MO, For Claimant/Appellant.

Rodney J. Campbell, Jr., St. Louis, MO, For Respondent/Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Michael Hutson (Claimant) appeals a decision by the Labor and Industrial Relations Commission (Commission) denying Claimant compensation from the Second Injury Fund (SIF) for permanent partial disability (PPD) benefits. Claimant argues the Commission wrongly failed to

find that a stipulation by the parties constituted evidence of the synergistic combination of his preexisting and current disabilities. The SIF agrees this case should be remanded for a finding regarding the percentage of PPD for any preexisting disability. We reverse and remand.

## Background

In 2003, Claimant injured his low back (current injury) while delivering a television as an employee of Ultimate Electronics, Inc. (Employer). Claimant filed a claim for workers' compensation, including a claim against the SIF. In October 2008, Claimant settled with Employer for a lump sum of $75,000, based upon 20% PPD of the body as a whole referable to the low back, 20% PPD of the body as a whole referable to the cervical spine, and 26% PPD of the body as a whole referable to psychological impairment.

Previously in 1991, while employed with Vess Beverages, Inc. (Vess), Claimant had sustained a work-related injury to his right shoulder. He reached a settlement for that injury with Vess for 15% PPD of the right shoulder.

At a hearing conducted by an Administrative Law Judge to determine the liability of the SIF regarding Claimant's current injury, Claimant and the SIF stipulated to the existence of several facts. These included that Claimant's current injury arose out of and in the course of his employment, along with the rates of compensation applicable for PPD benefits in the event SIF liability was found. The parties further stipulated the following:

> Claimant agrees not to pursue permanent total disability (PTD) benefits against the Second Injury Fund and in exchange, the Second Injury Fund agrees not to contest the synergistic combination of the injuries.

The ALJ determined that Claimant's testimony regarding his preexisting shoulder injury was not credible, in that it contradicted both certain statements Claimant had made during a prior deposition and information in Claimant's medical records. The ALJ further found that Claimant's preexisting disability from his shoulder injury was at most 10%, and thus did not meet the threshold percentage to trigger SIF liability. The ALJ denied Claimant benefits from the SIF.

The Commission found the ALJ erred in concluding Claimant was not credible because in making this conclusion, the ALJ had relied solely on discrepancies between Claimant's trial testimony and his prior deposition testimony, the latter of which was not in evidence. However, the Commission affirmed the result, finding that Claimant had not presented evidence showing that disability resulting from his current injury had combined with his preexisting shoulder disability to produce a greater disability than the simple sum.

Claimant filed a Motion for Reconsideration with the Commission. In the Commission's ruling on the motion, the Commission examined specifically the stipulation in which the SIF agreed "not to contest the synergistic combination of the injuries in this case." The Commission found that this statement "not to contest" did not amount to "an affirmative stipulation by the [SIF] that the disabilities combine synergistically." The Commission noted Claimant's burden to show that his disabilities combined, and the Commission found that because Claimant had no other evidence of such combination, he had not established this element of his claim. The Commission denied Claimant's motion. This appeal follows.

## Standard of Review

In reviewing a decision by the Commission, we review the findings of the Commission and not those of the ALJ. *Roberts v. City of St. Louis*, 254 S.W.3d 280, 283 (Mo.App. E.D.2008). An appellate court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant making the award. Section 287.495, RSMo (2000). "[I]n the absence of fraud, the findings of fact made by the [C]ommission within its powers shall be conclusive and binding." *Id.*

We examine the whole record to determine whether there is sufficient competent and substantial evidence to support the award, or whether the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). "We defer to the Commission's assessment of witness credibility and the weight given to the testimony." *Pursley v. Christian Hosp. Ne./Nw.*, 355 S.W.3d 508, 514 (Mo.App. E.D.2011).

## Discussion

The issues before us concern the Commission's findings regarding Claimant's preexisting disability, and the interpretation of the parties' stipulation at the hearing before the ALJ. Given our agreement with the SIF for remand concerning the former, our question becomes the validity of the Commission's conclusion that the SIF's agreement "not to contest" the synergistic combination of Claimant's injuries did not relieve Claimant of his burden to present evidence showing such combination. We discuss each in turn.

Section 287.220 contains the elements a claimant must show in order to receive compensation from the SIF for a permanent disability. Section 287.220.1, RSMo. (2010). Among them, a claimant must show that a preexisting PPD is a hindrance or obstacle to the claimant's employability. *Id.; Jones v. Washington Univ.*, 239 S.W.3d 659, 666 (Mo.App. E.D. 2007). The disability must be present at the time the claimant sustains his or her current work-related injury. *Motton v. Outsource Int'l*, 77 S.W.3d 669, 673 (Mo. App. E.D.2002). Additionally, the preexisting disability must, at minimum, equal 50 weeks of compensation for the body as a whole, or 15% of a major extremity. Section 287.220.1. Finally, the current injury, which also must cause the same minimum degree of disability, must combine with the preexisting disability to create a synergistic effect of substantially greater disability than the simple sum of the two. *Uhlir v. Farmer*, 94 S.W.3d 441, 444–45 (Mo.App. E.D.2003), *overruled on other grounds by Hampton*, 121 S.W.3d at 222–23.

First, the SIF acknowledges we should reverse and remand to the Commission for a finding regarding the percentage of Claimant's preexisting PPD. We agree.

The evidence of Claimant's preexisting shoulder disability[1] offered at the hearing included a medical report prepared for his previous workers' compensation hearing,

---

1. We note that Claimant also provided evidence of a preexisting low back disability. The ALJ found this to be a 7.5% PPD of the body as a whole, which did not meet the threshold for SIF liability. The Commission incorporated this finding into its decision, and this finding is not disputed on appeal.

rating his shoulder 25% permanently and partially disabled. There was also evidence presented of Claimant's settlement with Vess for 15% PPD of his shoulder. The ALJ considered this evidence along with Claimant's testimony, which the ALJ found was not credible. Additionally, the ALJ correctly noted that he was not bound by the previous settlement's assignment of 15% PPD because the current injury is not to the same part of the body. *See Tidwell v. Kloster Co.*, 8 S.W.3d 585, 589 (Mo.App. E.D.1999) (finding plain language of Section 287.290.6 limits circumstances in which previously determined percentage of disability continues undiminished, only to later injury of the same body part), *overruled on other grounds by Hampton*, 121 S.W.3d at 222–23. The ALJ concluded that Claimant's preexisting shoulder disability was 10%, at most.

On review, the Commission rejected the ALJ's basis for this finding; specifically, the Commission found the ALJ improperly relied on deposition testimony that was not in evidence to conclude Claimant's hearing testimony was not credible. However, the Commission did not go on to make its own finding regarding the degree of Claimant's preexisting shoulder disability, presumably because the Commission ultimately affirmed the denial of compensation. Because we disagree with the Commission's reason for denying compensation, we agree that on remand, as a threshold matter the Commission must make a finding regarding the degree of Claimant's shoulder disability.

■ Next, because there is evidence that Claimant's preexisting shoulder disability could meet the threshold to trigger SIF liability, we now address Claimant's point on appeal regarding the Commission's process for determining liability. Claimant argues that because of the parties' stipulation, the Commission wrongly concluded Claimant failed to produce sufficient evidence to show his preexisting disability synergistically combined with his current disability. We agree.

■ The rules of the Department of Labor and Industrial Relations govern workers' compensation hearings. In particular, 8 CSR 50–2.010(14) states, "[p]rior to hearing, the parties shall stipulate uncontested facts and present evidence only on contested issues." Such stipulations "are controlling and conclusive, and the courts are bound to enforce them." *Boyer v. Nat'l Express Co.*, 49 S.W.3d 700, 705 (Mo.App.E.D.2001). We interpret stipulations in view of the result the parties attempted to accomplish. *Id.*; *Bock v. Broadway Ford Truck Sales, Inc.*, 55 S.W.3d 427, 436 (Mo.App. E.D.2001).

The words "not to contest" in the parties' stipulation at issue must be read in this context. Given the rule specifically addressing stipulations as to uncontested facts and requiring the parties put on evidence only of contested issues, we cannot agree with the Commission's conclusion that even with this stipulation, Claimant had to show evidence of the synergistic combination of his disabilities. If read this way, the stipulation would not leave any fact uncontested or relieve any burden of Claimant's, yet through it he abandoned an entire claim. *Cf. Bull v. Excel Corp.*, 985 S.W.2d 411, 417–18 (Mo.App. W.D.1999) (stipulations representing attempt by party to secure a particular legal conclusion or working a manifest injustice need not be binding). Rather, in light of the use of stipulations in these proceedings as made clear by 8 CSR 50–2.010(14), we view the stipulation here as relegating the fact of Claimant's synergistically combined disabilities to the set of "uncontested facts" for which the parties need not present evidence.

Furthermore, Claimant's failure to produce independent evidence of the synergistic combination of his disabilities, as noted by the Commission, indicates his belief that the stipulation relieved him of any necessity to do so. *See Bock*, 55 S.W.3d at 436 (interpreting stipulations in view of parties' intended result). Viewing the stipulation in light of the rules governing this administrative hearing, and in light of this indication of the parties' intended result, we find that the synergistic combination of Claimant's disabilities was not a contested fact at the hearing. Accordingly, the Commission was without power to conclude Claimant was required to put forth independent evidence of such combination in order to be entitled to relief.

Point granted.

### Conclusion

The Commission's decision is reversed. We find that the Commission was without power to require Claimant to show evidence of synergistic combination of his disabilities outside of the parties' stipulation. However, because the Commission did not render a finding as to the degree of Claimant's preexisting shoulder disability, we remand to the Commission to make such a finding in order to determine the liability of the SIF.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.